[No. 24802.   Department Two.   November 27, 1933.]

BETTY A. OGILVIE *et al., as Executrices, Appellants,* v.
NELSON R. HONG *et al., Respondents.*[1]

[1]Reported in 27 P. (2d) 141.

*Dwinell & McCoy* and *Henry S. Westbrook,* for appellants.

*Wright, Jones & Bronson,* for respondents Hong.

*Ellis & Evans,* for respondent Tribune Publishing Company.

Tolman, J.—This is an action brought by the personal representatives of Jacob M. Lieby, deceased, to recover for his wrongful death. The deceased, while walking across an arterial highway in the city of Tacoma, came into contact with, or was struck by, an automobile driven by defendant Nelson R. Hong, and then received the injuries from which he later died.

The complaint charges negligence on the part of Hong in a number of particulars, and charges that he was then employed by the defendant Tribune Publishing Company and was acting in the performance of the duties of that employment and within its scope at the time of the accident. The case was tried to a jury. At the close of plaintiffs' case, on motion, the court dismissed the Tribune Publishing Company from the case. The issues as to Hong and the community composed of Hong and wife were submitted to the jury and a verdict for the defendants was rendered. A judgment on the verdict followed.

The plaintiffs, appealing, assign as error the granting of the nonsuit as to the Tribune Publishing Company; that the court omitted and refused to declare the law of the case to the jury; that certain instructions given were erroneous; that evidence was improperly admitted; and that it was error to deny the plaintiffs' motion for a new trial and to enter judgment on the

verdict. Some of these assignments are stressed and others are given but little attention in the brief or in the oral argument. We shall discuss first those matters upon which appellant seems to place the most reliance and follow our own order rather than the order in which the errors are assigned.

The first subject discussed is entitled "the verdict is contrary to the evidence." We have read the testimony with care, have applied to it to the best of our ability the careful analysis and reasoning of the appellants' brief, and while we can see very clearly how the jury might have reached a different verdict, yet still the fact remains that the evidence was seriously in conflict, that inferences might be drawn either way on vital points, and since the trial court, who saw and heard the witnesses, refused to grant the motion for a new trial, it is not within our province to hold that he abused his discretion or otherwise erred in that ruling.

Perhaps the most seriously argued assignment is that charging that by his omissions the trial court failed to perform the duty required of him by Art. IV, § 16, of the state constitution and by subdivision 4 of Rem. Rev. Stat., § 339.

It appears that the parties submitted to the court, at the proper time under the rules, their proposed and requested instructions. The court considered these requests, and with the aid thus given him prepared his written instructions, which he gave to the jury as the statute directs. Immediately at the close of the charge thus given to the jury, the following occurred:

"MR. DWINELL: If it please the court, the instructions having been read to the jury and arguments not yet made, I wish to request the court to instruct on the following propositions, we having assumed that the court would instruct as to the rules of law relative to the legal rate of speed on 'G' street at the time of the

accident in question; also relative to the duty of the defendant to keep within the speed limit provided by the statute and by the ordinance; and upon the right of the decedent to assume that defendant Hong was operating his car in a lawful manner, and upon the duty of Hong toward the decedent under the circumstances. THE COURT: The request will be denied on the ground that it did not come properly or within the time and no such instructions were prepared and given to the court, and there is no duty upon the court to provide instructions for either the plaintiff or the defendant, and that the request comes too late. Exception allowed.''

It is apparent from this record that what is here complained of was non-direction and not misdirection. The general rules of the superior court (rule 12) and the general rules of practice governing procedure in courts of record (Rem. Rev. Stat., § 308-4 and § 308-6), clearly place upon counsel the duty of preparing, reducing to writing, and requesting, such instructions as are deemed material at a reasonable time to permit of consideration by the court and by opposing counsel; and the rules and the statute also provide for the taking of exceptions, so as to obtain a review of an adverse ruling.

Not having prepared and presented any requested instructions covering these matters at a time when the court could give them consideration, but by his motion after the charge had been given, counsel, perhaps unwittingly and unintentionally, called upon the court to act offhand and without preparation or consideration in the delicate matter of defining the law applicable to certain phases of the case. To countenance that practice would be not only to encourage and invite error, but in many, if not most, instances it would make error inevitable. Judges are but men, with all of the usual human limitations, and trial judges work under a time pressure in order to expedite business. Under such

conditions, probably no man living and none known to legal history, could, offhand and upon an unforeseen demand, correctly define every one of the niceties and fine distinctions of the law, and so accurately and fully instruct the jury on every legal issue in the case as to avoid error.

Aside from the question of some constitutional right involved in a criminal case, this court has consistently held that non-direction, such as we have here and under conditions like the present, is not reversible error. Among the many of our cases recognizing that rule are *Duteau v. Seattle Electric Co.*, 45 Wash. 418, 88 Pac. 755; *Murphy v. Chicago, Milwaukee & St. Paul Railway Co.*, 66 Wash. 663, 120 Pac. 525; *McConnell v. Gordon Construction Co.*, 133 Wash. 405, 233 Pac. 926.

The question raised regarding the admission of testimony is somewhat involved, and to make it entirely clear would require the quoting of considerable testimony. We think it sufficient for present purposes to say that it seems to have been admitted that two boys and two only were eye witnesses of the accident. Two boys, who identified themselves as the two who had seen the accident, testified on behalf of the appellant fully and in detail. Respondents Hong and wife, when on the witness stand, both testified that two boys answering the general description of the two who had testified were at the scene of the accident, but neither could identify the two who had testified as being the two who were so present. Thereupon, both Mr. and Mrs. Hong were permitted, over objection, to testify as to what was said by the boys present at the scene of the accident at the time, as tending to impeach the testimony given by the two boys present as witnesses at the trial.

We think the record as it stood at the time Hong and wife testified was amply sufficient to warrant the

jury in believing that the two boys who testified were the boys who saw the accident. Indeed, that fact was amply demonstrated and practically conceded. That being true, the evidence of statements made by them at the time contrary in effect to their evidence given on the trial was properly admissible for the purpose of impeachment.

Appellant assigns error upon the giving of two instructions. The first instruction complained of was practically identical in subject matter and in form with the instruction set out in *Masterson v. Leonard,* 116 Wash. 551, 200 Pac. 320, and the situation here was also identical with the situation disclosed by the opinion in that case. On the authority of the case cited, therefore, we hold that there was no error in giving this instruction.

The second instruction complained of reads:

"You are instructed that if you find that the decedent walked into or against the side of the defendant Hong's car, then the decedent was guilty of negligence as a matter of law and your verdict must be for the defendants."

The general rule seems to be:

"If a pedestrian walks or runs against a moving automobile which is readily observable, it may be taken for granted that he did not see the car. On this assumption, he is guilty of negligence either (1) because he did not look for approaching automobiles, or (2) because, if he looked, his observation was so careless and inattentive that he did not see the car in question. Accordingly, one walking into the side of a moving car may be adjudged guilty of contributory negligence as a matter of law." 5-6 Huddy Encyclopedia of Automobile Law (9th ed.), § 88, p. 154.

See, also, 2 Blashfield Cyclopedia of Automobile Law, § 22, p. 1060.

Appellant argues that there may be instances where one might, under peculiar circumstances, walk into or against the side of a moving automobile without being guilty of negligence as a matter of law. That may be true, but the instruction was given with reference to the testimony which was before the jury in this case. The theory of the appellants was that the deceased was run down and struck by the forward end of the car, while that of the defense was that without looking he walked into the side of the car. The testimony offered on each side was in harmony with and tended to support the particular theory which the party was advancing. The jury was bound to accept one theory or the other.

As we read the facts in evidence in this case, if the jury believed that the decedent walked into the side of the car, then under all the other facts and circumstances shown there was no room for difference of opinion, and all reasonable minds must have agreed that the deceased was guilty of contributory negligence. While the instruction complained of is not one to be given indiscriminately and in all cases, we see no prejudice to the appellant by reason of its having been given under the facts here shown.

We have read carefully the evidence introduced for the purpose of establishing the liability of the respondent Tribune Publishing Company under the rule of *respondeat superior,* and while we are fully satisfied that the trial court ruled correctly thereon, we need not detail the evidence or pursue the inquiry, because the verdict of the jury in favor of the driver of the car and the affirmance of the judgment based on that verdict destroy the whole foundation upon which the rule of *respondeat superior* rests. If Hong, the driver, is not liable, then his employer cannot be liable, even

though the car was being operated within the scope of the employment at the time.

Finding no error, the judgment is affirmed.

BEALS, C. J., HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.

