[No. 522-41498-1.    Division One—Panel 2.    January 11, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES WILLIAM BOYER, *Appellant*.

*George E. McIntosh,* for appellant (appointed counsel for appeal).

*Earl F. Angevine, Prosecuting Attorney,* for respondent.

UTTER, J.—Charles Boyer was charged by information with robbery in count 1 and with committing or attempting to commit a felony, while armed with or in possession of a firearm, in count 2. He was convicted on both counts. Boyer challenged the information alleging that it placed him twice in jeopardy and that Laws of 1969, Ex. Ses., ch. 175, § 1, p. 1269, upon which the second count was based, was unconstitutional inasmuch as it denied him equal protection of the laws and was a usurpation of judicial power by the legislature. These motions were denied and Boyer was sentenced on each count to a term of not less than 5 years or more than 20 years, the terms to run concurrently.

The threshold question in this case is whether the statute upon which count 2 was based provided for a separate crime or merely an additional penalty rather than a separate offense. We hold the statute does not provide for a separate crime and reverse the conviction on count 2.

The penalty provisions contained in RCW 9.41 have had a troubled history. The chapter was modeled on the Uniform Firearms Act, approved by the National Council of Commissioners on Uniform State Laws in 1930. As originally promulgated by the commissioners, the penalty provisions were left blank, to be filled in by the enacting state as to the amount of the fine and length of the prison terms. The act, as initially passed by our state, inserted a penalty provision leaving the discretion with the prosecutor to determine whether the charge would be either a gross misdemeanor or a felony. This was held unconstitutional in *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956). The act underwent substantial amendment in 1961 and the portion of the act defining the offense (Laws of 1961, ch. 124, § 2, p. 1638) was substantially amended. In construing that portion of the 1961 act defining the offense, our court in *State v. Canady,* 69 Wn.2d 886, 889, 421 P.2d 347 (1966) indicated RCW 9.41.020 as amended by Laws of 1961 created a new felony, that of the commission of a crime of violence when armed with a firearm. Laws of 1969, Ex. Ses., ch. 175, § 1, p. 1269 again amended the penalty provisions of the act.

■■ The legislature is the appropriate institution to define conduct as criminal. *Hendrix v. Seattle,* 76 Wn.2d 142, 155, 456 P.2d 696 (1969). Cumulative punishment is allowed in our state whenever offenses differ according to their distinct elements, that is, whenever each has a distinct element not included in the other. *State v. Barton,* 5 Wn.2d 234, 105 P.2d 63 (1940); *State ex rel. Foley v. Yuse,* 191 Wash. 1, 70 P.2d 797 (1937); *State v. Phillips,* 179 Wash. 607, 38 P.2d 372 (1934); *State v. Kingsbury,* 147 Wash. 426, 266 P. 174 (1928).

■ The problem for the court is to determine how many convictable and punishable offenses have been cre-

ated by the relevant statutes. When the legislature clearly indicates in a statute its intent with respect to the accumulation of convictions, the court's task of construction is at an end. But in the vast majority of cases, unequivocal legislative intent cannot honestly be found in the statute or its official history. *Gore v. United States,* 357 U.S. 386, 394, 2 L. Ed. 2d 1405, 78 S. Ct. 1280 (1958). If the legislative intent, though not proclaimed in the statute, is none the less perfectly clear from legislative history, the legislature's purpose should be honored. *McDermott v. Kaczmarek,* 2 Wn. App. 643, 469 P.2d 191 (1970). The court must ordinarily resort to presumptions about legislative intent—canons of construction—to determine the unit of conviction created by the statute. Counsel for the state concedes that if the statute is ambiguous, it must be construed against the state and in favor of the accused. The rule of strict construction requires that doubts in construction of a penal statute be resolved against including borderline conduct. *Seattle v. Green,* 51 Wn.2d 871, 322 P.2d 842 (1958). The same principle behind application of this rule should forbid courts from determining the existence of a separate offense unless the intent of the legislature is clear.

The rule of strict construction is not a limitation on the power of the legislature to define crimes. It is, rather, a limitation on the powers of judges preventing them from imposing a sentence unless the legislature has clearly stated they may.

We are dealing with the power of the legislature to accumulate punishments and should not confuse double punishment with double jeopardy. There are policy differences in a situation where the legislature has prescribed severe punishment which must be distinguished from retrying a man when he has finally been acquitted. As noted in *State v. Harris,* 2 Wn. App. 272, 287, 469 P.2d 937 (1970), "double jeopardy does not exist where the defendant stands charged with different offenses, even though they may arise from the same act." *State v. Johnson,* 60 Wn.2d 21, 371 P.2d 611 (1962); *State v. Boren,* 42 Wn.2d

155, 253 P.2d 939 (1953). We do not, for this reason, reach appellant's argument on double jeopardy. The conclusion we have reached in this case makes it also unnecessary for us to consider the contention of Boyer that the action of the prosecutor violates his rights under the equal protection clauses of the federal and state constitutions.

We are unable to clearly ascertain the intent of the legislature from our examination of the Laws of 1969, Ex. Ses., ch. 175, § 1, p. 1269. For purposes of comparison, the 1961 and 1969 amendments are set out side by side.

Laws of 1961, ch. 124, § 2, p. 1638.

If any person shall commit or attempt to commit a crime of violence when armed with a firearm, such person shall in addition to the penalty provided by statute for the crime when committed without use of a firearm, be guilty of a felony and punished by imprisonment for not less than five years.

If any person shall resist apprehension or arrest by firing upon a law enforcement officer, such person shall in addition to the penalty provided by statute for resisting arrest, be guilty of a felony and punished by imprisonment for not less than five years.

Laws of 1969, Ex. Ses., ch. 175, § 1, p. 1269.

Any person who shall commit or attempt to commit any felony, or any misdemeanor or gross misdemeanor categorized herein as inherently dangerous, while armed with, or in the possession of any firearm, shall upon conviction, in addition to the penalty provided by statute for the crime committed without use or possession of a firearm, be imprisoned as herein provided:

(1) For the first offense the offender shall be guilty of a felony and the court shall impose a sentence of not less than five years, which sentence shall not be suspended or deferred;

The 1961 and 1969 acts each define in their preliminary clauses the forbidden acts. They, however, differ markedly in their subsequent language. The 1961 act, after defining the conduct constituting the forbidden act, provides that the person committing the act "shall in addition to the penalty provided by statute for the crime when committed without use of a firearm, be guilty of a felony . . . ".

This was the language *Canady* held created a new offense. The 1969 act differs in both structure and content. After first setting forth the forbidden acts, it states "in addition to the penalty provided by statute for the crime committed without use or possession of a firearm, [the offender shall] be *imprisoned* as herein provided: . . .". (Italics ours.) It is only in the portion of the statute discussing the imprisonment that the status of "guilty of a felony" is mentioned.

■ There were at least three alternatives open to the draftsmen of the legislation which would have clarified their intent. The use of the same sentence structure contained in the 1961 act, as it related to the felony offense, would have left the interpretation clear in light of the decision in *Canady*. The act could have provided "the offender was guilty of a separate felony in addition to the crimes named in the act"[1] or alternately "in addition to the penalty provided by statute for the felony committed or attempted, [he] shall be guilty of a felony for the use of such weapon or device, which shall be a separate offense, . . ."[2]. We find the intent of the legislature unclear for the reasons heretofore indicated and hold the act provides an additional penalty where the original act committed or attempted to be committed is a felony, rather than creating a separate offense.

Under the 1969 statute, where the act committed by the offender is a misdemeanor, the subsequent mention of "guilty of a felony," we believe, can be reasonably interpreted to mean the legislature wished the status of the act, which otherwise would be a misdemeanor, to be elevated to that of a felony. Where the act committed by the offender is already a felony, however, the intent of the legislature is unclear.

■ Boyer lastly challenges the constitutionality of action by the legislature which prohibits the court from suspending or deferring the imposition of sentence. While the wisdom of such action may be subject to question, it is,

[1] Laws of Indiana, § 10-4709, p. 713.
[2] Laws of Oklahoma, Title 21, § 1287, p. 39 (Supp. 1970).

none the less, within the power of the legislature limited only by the Eighth Amendment proscribing cruel and unusual punishment. *Robinson v. California,* 370 U.S. 660, 8 L. Ed. 2d 758, 82 S. Ct. 1417 (1962); *United States v. Wallace,* 269 F.2d 394 (3d Cir. 1959); *United States ex rel. Darrah v. Brierley,* 290 F. Supp. 960 (E.D. Pa. 1968).

The judgment and sentence of the trial court are affirmed as to count 1 and reversed as to count 2.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.