[No. 42334.     En Banc.     December 7, 1972.]

THE STATE OF WASHINGTON, *Respondent,* v. YOLANDA
ANNETTE FRAZIER, *Appellant.*

*Binns, Petrich, Mason & Hester,* by *Monte E. Hester,* for appellant (appointed counsel for appeal).

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel,* and *Eugene G. Olson, Chief Criminal Deputy,* for respondent.

UTTER, J.—Yolanda Annette Frazier was convicted of assault in the second degree. A special verdict was also returned finding she was armed with a deadly weapon at the time of the offense and she was sentenced under the provisions of RCW 9.41.025 to a mandatory 5-year term.

Appellant claims the court erred in failing to dismiss the case because the evidence failed to show apprehension on the part of the victim or sufficiently strong circumstantial evidence of a willful act by her. Appellant also urges she was improperly sentenced inasmuch as RCW 9.41.025 is unconstitutional.[1] We find no error in the instructions or

---

[1] RCW 9.41.025. "Any person who shall commit or attempt to commit any felony, or any misdemeanor or gross misdemeanor categorized herein as inherently dangerous, while armed with, or in the possession of any firearm, shall upon conviction, in addition to the penalty provided by statute for the crime committed without use or possession of a firearm, be imprisoned as herein provided:

"(1) For the first offense the offender shall be guilty of a felony and the court shall impose a sentence of not less than five years, which sentence shall not be suspended or deferred;

"(2) For a second offense, or if, in the case of a first conviction of violation of any provision of this section, the offender shall previously have been convicted of violation of the laws of the United States or of any other state, territory or district relating to the use or possession of a firearm while committing or attempting to commit a crime, the offender shall be guilty of a felony and shall be imprisoned for not less than seven and one-half years, which sentence shall not be suspended or deferred;

"(3) For a third or subsequent offense, or if the offender shall previously have been convicted two or more times in the aggregate of any violation of the law of the United States or of any other state, territory or district relating to the use or possession of a firearm while committing or attempting to commit a crime, the offender shall be

the court's action regarding the assault charge, and affirm that conviction. We find, however, the appellant was not accorded due process in the application of the provisions of RCW 9.41.025, and remand her for resentencing.

Evidence was introduced by the state which showed the appellant had threatened to kill Beverly Ann Johnson and that sometime following this threat, while the victim was in her residence, she heard a noise thought to be a firecracker. Later examination of the room showed a bullet lodged in the wall. Four days later the appellant was arrested for a traffic violation and a .25 caliber pistol found in her purse. The pistol was test fired, and the test bullet matched the bullet removed from the wall of the victim's home.

■ The first assignment of error is based on the argument that apprehension before the fact is a necessary unwritten element of the second-degree assault statute, RCW 9.11.020. This argument has been rejected in *State v. Stewart*, 73 Wn.2d 701, 440 P.2d 815 (1968); *State v. Brakes*, 1 Wn. App. 987, 465 P.2d 683 (1970); and *State v. Wigley*, 5 Wn. App. 465, 488 P.2d 766 (1971). We find the reasoning of the court persuasive in *McCullers v. State*, 206 So. 2d 30, 33 (Fla. 1968). There the court noted:

A criminal assault may be made upon a person even though he had no knowledge of the fact at the time. . . . It should be noted that herein lies the distinction between assault as a crime and assault as a tort. If the

guilty of a felony and shall be imprisoned for not less than fifteen years, which sentence shall not be suspended or deferred;

"(4) Misdemeanors or gross misdemeanors categorized as 'Inherently Dangerous' as the term is used in this statute means any of the following crimes or an attempt to commit any of the same: Assault in the third degree, provoking an assault, interfering with a public officer, disturbing a meeting, riot, remaining after warning, obstructing firemen, petit larceny, injury to property, intimidating a public officer, shoplifting, indecent liberties, and soliciting a minor for immoral purposes.

"(5) If any person shall resist apprehension or arrest by firing upon a law enforcement officer, such person shall in addition to the penalty provided by statute for resisting arrest, be guilty of a felony and punished by imprisonment for not less than ten years, which sentence shall not be suspended or deferred."

intended victim is unaware of the attempt, he has suffered no harm and is not entitled to compensation for the tort committed against him. . . . However, a criminal assault is an offense against the peace and dignity of the state as well as an invasion of private rights.

There can in actuality be two concepts in criminal law of assault as noted in *United States v. Rizzo,* 409 F.2d 400, 403 (7th Cir. 1969), *cert. denied,* 396 U.S. 911, 24 L. Ed. 2d 187, 90 S. Ct. 226 (1969).

One concept is that an assault is an attempt to commit a battery. There may be an attempt to commit a battery, and hence an assault, under circumstances where the intended victim is unaware of danger. Apprehension on the part of the victim is not an essential element of that type of assault. . . .

The second concept is that an assault is "committed merely by putting another in apprehension of harm whether or not the actor actually intends to inflict or is incapable of inflicting that harm." The concept is thought to have been assimilated into the criminal law from the law of torts. It is usually required that the apprehension of harm be a reasonable one.

(Footnotes omitted.)

■ Appellant's assertion that the circumstantial evidence was insufficient to justify submission to the jury of the issue of whether the defendant willfully assaulted the victim is not properly before us. No instruction regarding the quantity of the circumstantial evidence necessary for conviction was submitted to the court. Nondirection is not reversible error unless a constitutional right has been violated. *Ogilvie v. Hong,* 175 Wash. 209, 211, 27 P.2d 141 (1933).

■ We find no constitutional right violated by the failure to give a circumstantial evidence instruction and even if a proper instruction on circumstantial evidence had been requested and given, we would not have found error in the submission of the issue to the jury. The question of whether circumstantial evidence excludes every reasonable hypothesis other than the defendant's guilt is a question for the trier of fact and there is sufficient relevant circumstan-

tial evidence on the issue of the defendant's guilt to warrant submitting the case to the jury. *State v. Cerny*, 78 Wn.2d 845, 849, 480 P.2d 199 (1971).

Appellant argues RCW 9.41.025 is unconstitutional on two grounds. If it defines a separate crime, she argues she was not charged in the information with this crime, or alternatively, if it is only a separate penalty statute, then it unconstitutionally amended the assault statute (RCW 9.11.020), without setting forth at full length the act revised or the section amended as required by article 2, section 37 of the Constitution of the State of Washington. We cannot agree with either of these contentions.

■ The question of whether the act creates a separate crime or is an added penalty was discussed in *State v. Boyer*, 4 Wn. App. 73, 480 P.2d 257 (1971). There the court held the legislative intent on this issue was unclear and a separate offense would not be held to be created in the absence of clear legislative intent. We adopt the reasoning of *Boyer* on this issue and hold that the act provides for an additional penalty where the original act committed or attempted to be committed is a felony. *See also State v. Rose*, 7 Wn. App. 176, 498 P.2d 897 (1972).

■ The legislative history of RCW 9.41.025 does not indicate there was an effort to amend RCW 9.11.020, the second-degree assault statute. Section 1 of the act provides a new section is added to chapter 9.41. Section 2 states "Section 2, chapter 172, Laws of 1935, as amended by section 2, chapter 124, Laws of 1961 and RCW 9.41.020 are each hereby repealed." Article 2, section 37 of the Constitution of the State of Washington requires the statute to be set forth in full when it is revised or amended and applies only to amendatory acts of the legislature and not to acts expressly or implicitly repealing previous law. *Phillips v. Conte*, 3 Wn. App. 631, 477 P.2d 42 (1970). There is no violation of the constitutional mandate in this case.

There is, however, a serious question regarding the procedure used to apply the terms of RCW 9.41.025(1) as to this defendant and whether it was consistent with due

process. The information failed to charge that the appellant, by her actions, was subject to the added penalty under RCW 9.41.025(1), and further failed to allege specific acts were committed, in the words of the statute, to bring her under that portion of the statute's added penalties.

█ Where a factor aggravates an offense and causes the defendant to be subject to a greater punishment than would otherwise be imposed, due process requires that the issue of whether that factor is present, must be presented to the jury upon proper allegations and a verdict thereon rendered before the court can impose the harsher penalty. *State v. Nass,* 76 Wn.2d 368, 456 P.2d 347 (1969). As noted in 4 R. Anderson, *Wharton's Criminal Law and Procedure* § 1788 (1957), at 610:

> In some jurisdictions statutes have been enacted which, without setting up more than one offense or more than one degree of the same offense, permit the infliction of a heavier sentence when it is shown that the accused committed the crime in question under circumstances showing aggravation. The decisions construing these statutes have generally taken the position that in order to justify the imposition of the higher sentence, it is necessary that the matter of aggravation relied upon as calling for such sentence be charged in the indictment or complaint.

(Footnotes omitted.) *See also* 42 C.J.S. *Indictments and Informations* § 145 (1944); 41 Am. Jur. 2d *Indictments and Informations* § 152 (1968).

The reasoning in *State ex rel. Alldis v. Board of Prison Terms & Paroles,* 56 Wn.2d 412, 353 P.2d 412 (1960), does not compel a different result. There the court held that failure to allege the defendant was armed with a deadly weapon in the information, and to so hold in the judgment, did not preclude the Board of Prison Terms and Paroles from setting a mandatory 5-year sentence provided for in RCW 9.95.040, based upon their independent investigation. *Alldis* may be distinguished for another reason. Different considerations affecting due process may be present when courts deal with actions of a parole board where defendant has already been convicted and sentenced to the

custody of the appropriate state agency as distinguished from those matters which occurred prior to the imposition and execution of trial, judgment and sentence.[2] We note that RCW 9.95.040 has been subsequently amended to preclude the Board of Prison Terms and Paroles from making an independent finding of fact to serve as a basis for imposition of a mandatory minimum sentence. *State v. Coma,* 69 Wn.2d 177, 417 P.2d 853 (1966).

In this case we are dealing with a factual determination which, if determined adversely to the appellant, irrevocably forbids the court from exercising its independent judgment concerning whether the appellant is to receive a deferred or suspended sentence. The result of an adverse determination is to compel incarceration in the penal institutions for certain fixed minimum periods of time. This determination is all made prior to the imposition of final judgment and sentence. Procedural due process of the highest standard must, therefore, be afforded the appellant. *Specht v. Patterson,* 386 U.S. 605, 18 L. Ed. 2d 326, 87 S. Ct. 1209 (1967). The standards enunciated in *Specht* are a further reason why *Alldis* no longer applies to this case.

The inclusion of this separate issue in the information and verdict will give the appellant notice prior to trial that, if convicted, and if the jury finds the facts causing the aggravation are correct, she will have no possibility of probation. Her decision to enter a plea of guilty to a lesser charge if the prosecutor and court in their discretion would so accept it, is only one of the practical consequences that follow from receipt of notice at a time while alternative courses of action on her part are still available to her.

This is not a phantom issue in this case. Neither the appellant nor judge was aware until the time of sentencing

[2]*See Goldberg v. Kelly,* 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970); *Shapiro v. Thompson,* 394 U.S. 618, 627 n.6, 22 L. Ed. 2d 600, 89 S. Ct. 1322 (1969); *Sherbert v. Verner,* 374 U.S. 398, 10 L. Ed. 2d 965, 83 S. Ct. 1790 (1963); *Hahn v. Burke,* 430 F.2d 100 (7th Cir. 1970); *Riggins v. Rhay,* 75 Wn.2d 271, 450 P.2d 806 (1969); W. Van Alstyne, *The Demise of the Right-Privilege Distinction in Constitutional Law,* 81 Harv. L. Rev. 1439 (1968).

that the provisions of this act were to be applied to remove sentencing discretion from the judge.

In apparent recognition of this problem, the state indicates that the prosecuting attorneys in five of the eight counties they surveyed regarding their practice with this statute, allege a violation of RCW 9.41.025 (1) has occurred in the information, and, in addition, require a special finding to that effect. Three other counties that were polled simply do not use the statute at all, but instead use RCW 9.95.015, which binds the parole board if the defendant is sentenced to a state institution. They, in turn, require a special verdict or finding that the defendant possessed a deadly weapon as forbidden by that statute.

The reasoning of *State v. Nass*, 76 Wn.2d 368, 456 P.2d 347 (1969) requires that where a greater punishment will be imposed as provided for in RCW 9.41.025 (1), notice of this must be set forth in the information. This is particularly true where, as is the case here, there is a special penalty for the offense added in another and apparently unrelated section of the criminal code and removed from the sentencing provision of the assault statute. The special verdict or finding required by *Nass* should be in the words of RCW 9.41.025 (1) requiring a finding that a firearm has been used rather than the wording of RCW 9.95.040 requiring a finding that a "deadly weapon" is used. The failure to have a special verdict so allege specifically was the ground used to modify a sentence imposed under similar circumstances in *People v. Spencer*, 22 Cal. App. 3d 786, 99 Cal. Rptr. 681 (1972).

The conviction for assault in the second degree is affirmed and the case is remanded to the trial court for resentencing. The court will not be bound by the provisions of RCW 9.41.025 inasmuch as the appellant was not given notice in the information that this statute would apply, nor was a special finding appropriate to this statute returned by the jury in its verdict.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, and STAFFORD, JJ., concur.

HALE, J. (concurring in the result)—I concur in the result, but only because the special verdict[3] referred to a deadly weapon instead of a firearm as prescribed by RCW 9.41.025. Once the accused is informed in the information[4] that he is charged with an assault by means of a firearm, *i.e.,* pistol, revolver, rifle, etc., and a special verdict is returned that, at the time of the offense, he was armed with a firearm, all of the requirements of the constitution affecting the charge and special verdict are met, and there is no want of due process. The prosecution is not required to plead conclusions of law nor list and prove all of the prior convictions as described in RCW 9.41.025. Prior offenses, in my judgment, may be shown at sentencing, subject to the right in the accused to refute or deny them.

Further, the concepts of criminal law as expressed in *United States v. Rizzo,* 409 F.2d 400 (7th Cir. 1969), *cert. denied,* 396 U.S. 911, 24 L. Ed. 2d 187, 90 S. Ct. 226 (1969), are better left unstated, as assault, first, second and third degree, is peculiarly statutory in this state and does not depend for viability upon conceptualization. If comparisons must be made, assault in the first degree is more akin to an attempted murder in the first degree than it is to either a common-law assault or battery or assault and battery.

WRIGHT, J., concurs with HALE, J.

[3]"To be answered if the defendant is found guilty of Assault in the Second Degree as charged in the Amended Information.

"Was the defendant armed with a deadly weapon at the time of the commission of her offense? Yes _____Yes_____ No _____."

[4]"And for a Second Count and further cause of action . . . comes now RONALD L. HENDRY, Prosecuting Attorney in and for the County of Pierce, State of Washington, and by this information accuses YOLANDA ANNETTE FRAZIER of the crime of ASSAULT IN THE SECOND DEGREE, committed as follows, to-wit: That the said· YOLANDA ANNETTE FRAZIER, in the County of Pierce, in the State of Washington, on or about the 8th day of September, 1970, did then and there being unlawfully, wilfully and feloniously, commit an assault upon the person of Beverly Ann Johnson under circumstances not amounting to an assault in the first degree, to-wit: did wilfully assault Beverly Ann Johnson with a weapon, instrument or thing likely to produce grievous bodily harm, to-wit: a pistol."