Commonwealth *v.* Lee, Appellant.

Argued September 29, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Carl Blanchfield,* for appellant.

*Robert L. Campbell,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, November 26, 1973:

Appellant, Raymond Lee, was found guilty in a non-jury trial of two counts contained in a five-count indictment. One of those counts is not involved in this appeal. As to the other count, which was count one of the indictment, appellant claims that the trial court erred in sentencing the appellant under two separate statutes—the Armed Robbery statute, Act of June 24, 1939, P. L. 872, §705, 18 P.S. §4705, and the Carrying Deadly Weapons statute, Act of February 25, 1972, P. L. 79, No. 27, §1, *amending* Act of July 30, 1968, No. 227, §1, 18 P.S. §4416. The trial court imposed a sentence of three and a half to seven years for the crime of Armed Robbery and another sentence of five to ten years for the crime of Carrying Deadly Weapons (frequently called the "Gun Law"). The sentences were to run consecutively. Post-trial motions were denied and the Superior Court affirmed the judgments of sentence

in a per curiam order. *Commonwealth v. Lee*, 220 Pa. Superior Ct. 773, 286 A. 2d 410 (1972). An appeal to this Court was then granted.

The appellant contends that the imposition of the sentence for Carrying Deadly Weapons was improper since the grand jury did not return an indictment for that offense. We agree and vacate that sentence.

One cannot be convicted or sentenced for an indictable offense unless the grand jury has approved an indictment covering that offense. *Commonwealth v. Komatowski*, 341 Pa. 445, 32 A. 2d 905 (1943). An indictment by the grand jury charging a statutory offense must do so in the language of the statute. Historically, this requirement was strictly enforced to the extent that the *exact* language of a statute had to appear in an indictment. The slightest deviation from the exact language of the statute rendered the indictment fatally defective as to that statutory offense. *Hamilton v. Commonwealth*, 3 Pen. & W. 142 (Pa. 1831) ; *Respublica v. Tryer*, 3 Yeates 451 (Pa. 1802). Because the *exactness* requirement was strictly enforced, the legislature in 1860 mitigated the need for exactness by providing that "[e]very indictment shall be deemed and adjudged sufficient and good in law which charges the crime *substantially* in the language of the act of the assembly prohibiting the crime, and prescribing the punishment, if any such there be . . . ." Act of March 31, 1860, P. L. 427, §11, 19 P.S. §261 (emphasis added).

The 1860 law did not change the requirement that the indictment contain the language of the statute. It only provided that the language of the indictment be *substantially* rather than *exactly* in the language of the statute. The *substantial* language of the statute must still be contained in the indictment however; otherwise, we could not know what statutory offense the grand jury intended to charge. Without such knowledge, a citizen might be tried for an indictable offense that the

grand jury did not intend to charge which is prohibited by the Pennsylvania Constitution in article I, section 10.

A citizen's conduct may involve a violation of two or more statutes. It is for the grand jury to determine under which statutes to indict. The grand jury "has the power to refuse to indict even where a clear violation of law is shown.... [It] can reflect the conscience of the community in providing relief where strict application of the law would prove unduly harsh." 8 J. Moore, Federal Practice ¶6.02[1] (Cipes ed. 1968) (footnotes omitted). "The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Stirone v. United States*, 361 U.S. 212, 218, 4 L. Ed. 2d 252, 257, 80 S. Ct. 270, 273 (1960). The requirement that the indictment contain the language of the statute, not only protects a citizen from being tried for an offense which the grand jury deliberately chose to ignore, but it also protects a citizen from being tried for a statutory offense of which the grand jury did not know. A citizen cannot be tried for an indictable offense when the possibility exists that the grand jury had absolutely no knowledge about a particular statute. If we did not require that the substantial language of a statute be contained in an indictment, we would be faced with a guessing game every time the grand jury returned an indictment alleging conduct of a citizen which may be criminal under several statutes.

In this case, count one of the indictment charged: "THE GRAND JURY OF ALLEGHENY COUNTY, by this Indictment presents that . . . [the appellant] *armed with an offensive weapon,* to-wit, a .22 caliber H & R Revolver, within the jurisdiction of this Court, with FORCE AND ARMS, in and upon one David Puch feloniously *did*

*make an assault,* and did then and there feloniously beat, strike and ill use the said David Puch and do violence to the said David Puch *with intent then and there to feloniously rob* the said David Puch of one man's Zandall wrist watch of the value of seventy-five dollars, fifty dollars of the lawful moneys of the United States Government, one Phillips Oil Company Credit Card, one Mobil Oil Company Credit Card, one Mellon National Bank & Trust Company Credit Card, one house key and one ignition key for a 1962 Ford Sedan of the goods, moneys, chattels and property of the said David Puch, from the person of the said David Puch, *feloniously did rob,* seize, steal, take and carry away, all of which is against the peace and dignity of the Commonwealth of Pennsylvania." (Emphasis added.) Count one *substantially* follows the language of the Armed Robbery statute which provides: "Whoever, being armed with an offensive weapon or instrument robs or assaults with intent to rob another . . . ." Act of June 24, 1939, P. L. 872, §705, 18 P.S. §4705. The above count does not, however, contain any charge in the language of the act of assembly entitled "Carrying Deadly Weapons," which provides in pertinent part: "Whoever is convicted of committing a crime of violence, which for the purposes of this section means . . . robbery . . . and during the commission thereof had in his possession a firearm shall, in addition to the penalties prescribed by law, be sentenced to undergo imprisonment for not less than five (5) years and not more than ten (10) years." Since the indictment contains none of the language of the above statute, we do not know whether the grand jury intended to charge a violation or had any knowledge of the statute. Under these circumstances, the appellant could not be tried, convicted, or sentenced under that statute.

In this case, the district attorney agrees that the appellant was sentenced for two separate crimes and

does not claim that the indictment was sufficient to charge the statutory offense, Carrying Deadly Weapons. He, however, contends that the defective indictment was cured by a notice, attached by him to the indictment, giving information to the appellant that *the district attorney considered* the appellant's conduct a violation of the Carrying Deadly Weapons statute. This notice, as the district attorney agrees, may meet the requirements of article I, section 9, of the Pennsylvania Constitution which entitles an accused to be informed of "the nature and cause of the accusation against him . . . ." But, although the district attorney can accuse, the district attorney cannot indict. He has completely overlooked article I, section 10, of the Pennsylvania Constitution which guarantees that: "No person shall, for any indictable offense, be proceeded against criminally by information . . . ." The attachment by the district attorney in this case was at best an information. If a citizen may be jeopardized by confinement in a penitentiary, an indictment by a grand jury is required. *Commonwealth v. Cano,* 389 Pa. 639, 133 A. 2d 800, *appeal dismissed,* 355 U.S. 182, 2 L. Ed. 2d 186, 78 S. Ct. 267 (1957).

We also note that Rule 219(b) of the Pennsylvania Rules of Criminal Procedure requires that "[t]here shall be a separate count for each offense charged" even if the same act or transaction is the basis for the separate offenses. To allow count one in this case to serve as the basis for charging offenses under two separate statutes would not only involve an assumption that the grand jury intended to charge separate offenses under two separate statutes, but would also require that Rule 219(b) be ignored.

The double sentencing question raised by the appellant need not be considered since without an indictment the trial court's sentence under the Act of February 25, 1972, P. L. 79, No. 27, §1, *amending* Act of

July 30, 1968, P. L. 689, No. 227, §1, 18 P.S. §4416, entitled "Carrying Deadly Weapons" was improper.

The order of the Superior Court is reversed and the judgment of sentence of the trial court for violation of the Act of February 25, 1972, P. L. 79, No. 27, §1, *amending* Act of July 30, 1968, P. L. 689, No. 227, §1, 18 P.S. §4416, entitled "Carrying Deadly Weapons" is reversed.

---

CONCURRING OPINION BY MR. JUSTICE EAGEN:

I concur in the result reached by the majority. However, I feel compelled to express my reasons for so doing.

It is my opinion that section (b) of the "Gun Law"[1] merely establishes an additional penalty and does not create a new crime. *See State v. Frazier,* 81 Wash. 2d 628, 503 P. 2d 1073 (1972), and *State v. Boyer,* 4 Wash. App. 73, 480 P. 2d 257 (1971).[2] Since this is so, a defendant need not be indicted for a violation of the "Gun Law". An indictment, as Mr. Justice MANDERINO correctly points out, is to charge an individual with the commission of a crime. *See Commonwealth v. Phillips,* 208 Pa. Superior Ct. 121, 220 A. 2d 345 (1966), *aff'd* 424 Pa. 641, 226 A. 2d 863, *cert. denied,* 387 U.S. 946, 87 S. Ct. 2084 (1967); and *Commonwealth v. Smihal,* 182 Pa. Superior Ct. 232, 126 A. 2d 523 (1956). It is only mandatory that the accused is informed, in the indictment, of the crime that he is charged with, and any aggravating circumstances: 4 R. Anderson, Wharton's Criminal Law and Procedure §1788 (1957); 41 Am. Jur. 2d Indictments and Informations §152 (1968); and *United States v. Jakalski,* 267 F. 2d 609 (7th Cir. 1959); and that he be informed, as required by due process, before receiving the enhanced sentence

---

[1] Act of July 30, 1968, P. L. 689, No. 227, §1, *as amended,* 18 P.S. §4416.

[2] *See also Commonwealth ex rel. Curry v. Myers,* 195 Pa. Superior Ct. 480, 171 A. 2d 702 (1961).

of the possibility of the additional punishment; and be given the opportunity to be heard concerning the aggravated penalty: *Oyler v. Boles,* 368 U.S. 448, 82 S. Ct. 501 (1962); *United States ex rel. Collins v. Claudy,* 204 F. 2d 624 (3d Cir. 1953); and *Commonwealth ex rel. Dermendzin v. Myers,* 397 Pa. 607, 156 A. 2d 804 (1959).

These requirements were satisfied in this case. The District Attorney did notify the defendant of the possibility of the increased sentence, prior to the trial. The Commonwealth presented the defendant with notice, attached to the indictment, informing the accused that he also violated the "Gun Law". In addition, the indictment did set out the aggravating conditions which subjected the accused to the additional penalty.

However, the defendant's sentence for said violation must be overturned because it infringes upon the defendant's right not to receive double punishment.[3] It is my belief that since the defendant received an increased sentence, from simple robbery to armed robbery,[4] due to his commission of the crime while in the possession of a firearm, he cannot also receive another penalty,[5] for the very same reason. *See Robinson v. State,* 484 P. 2d 686 (Alaska 1971); *Whitton v. State,* 479 P. 2d 302 (Alaska 1970); *State v. Carter,* 79 Nev. 146, 379 P. 2d 945 (1963); and *Richmond v. State,* 492 P. 2d 349 (Okla. Cr. 1971). *Cf. Commonwealth ex rel. Ciampoli v. Heston,* 292 Pa. 501, 141 A. 287 (1928); *Commonwealth v. Alexander,* 219 Pa. Superior Ct. 703, 280 A. 2d 385 (1971); *Commonwealth v. Walker,* 219 Pa. Su-

---

[3] Clearly the Fifth Amendment right, as applied to the states through the Fourteenth Amendment, against double jeopardy encompasses the area of "multiple punishments for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S. Ct. 2072, 2076 (1969).

[4] Act of June 24, 1939, P. L. 872, §705, 18 P.S. §4705.

[5] For a violation of the "Gun Law".

perior Ct. 167, 280 A. 2d 590 (1971) ; *Neal v. State,* 55 Cal. 2d 11, 9 Cal. Rptr. 607, 357 P. 2d 839 (1960) ; and *People v. Thomas,* 127 Ill. App. 2d 444, 262 N.E. 2d 495 (1970).

Mr. Chief Justice JONES and Mr. Justice O'BRIEN join in this concurring opinion.