[No. 4093–1.   Division One.   October 24, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIE J. SHAFFER, JR., *Appellant*.

*Jackson H. Welch* of *Clark County Legal Services,* for appellant.

*James E. Carty, Prosecuting Attorney,* and *Dennis M. Hunter, Deputy,* for respondent.

JAMES, J.—At jury trial, defendant Willie J. Shaffer, Jr., was convicted of three counts of armed robbery in violation of RCW 9.75.010.[1] Following conviction, Shaffer was found by a jury to be a habitual criminal and, pursuant to RCW 9.92.090, was sentenced to three mandatory life terms, two of which are to run concurrently.

The State's evidence established that a black male wearing a ski mask over his face robbed a food store in Vancouver, Washington. The robber exhibited a small–caliber pistol and fired two shots into the wall during the course of the robbery. He then fled with the money from the store's cash register, a purse which he took from one customer and a wallet taken from another. No vehicle or accomplices were seen as the robber left the scene. No witness identified Shaffer as the perpetrator of the crime.

The thrust of the defense was that the inferences to be drawn from the circumstantial evidence pointed to Shaffer's cousin as a more likely suspect. Shaffer did not testify.

On appeal, Shaffer first contends that the trial judge erred in failing to include all of the elements of the crime of

---

[1]RCW 9.75.010 has been superseded by RCW 9A.56.190, RCW 9A.56.200, and RCW 9A.56.210.

robbery in his "formula" instructions. Specifically, he claims that the instructions omitted "the element of intent to defraud and the element that the property taken must belong to another."

For reasons we need not discuss, we are persuaded that the instructions given, when read as a whole, adequately charged the jury concerning the State's burden to establish guilt. But, in any event, the trial record discloses that neither "intent" nor "ownership" of the property was at issue. If the failure to include the elements of intent and ownership in the formula instructions was error, it was harmless error.

Shaffer's second and third assignments of error concern a witness who was called by the State as a ballistics expert. Shaffer contends that he was not given timely notice and that the witness was not qualified to give expert testimony. The ballistics testimony was presented as a part of the State's rebuttal.

The competency of a witness to testify as an expert is addressed to the sound discretion of the trial judge. *State v. Brown,* 17 Wn. App. 587, 564 P.2d 342 (1977). We find no abuse of discretion.

The prosecution is not obliged to anticipate the defense. *State v. Harris,* 14 Wn. App. 414, 542 P.2d 122 (1975). The State gave Shaffer timely notice of the fact that its expert had made ballistics tests. The trial judge did not err in denying Shaffer's motion for a continuance or in admitting the ballistics testimony.

Shaffer further contends that the trial judge erred in excluding the testimony of a witness who heard his cousin make an allegedly incriminating statement. The testimony would have corroborated that of another witness who presumably was prejudiced in favor of Shaffer.

The limitation of cumulative testimony is necessarily a question addressed to the exercise of discretion by a trial judge. *State v. Freeman,* 17 Wn. App. 377, 563 P.2d 1283 (1977). We find no abuse of discretion.

■ Shaffer's fifth assignment of error is that the trial judge erred in excluding the proffered testimony of two witnesses who would testify that Shaffer was a frequent customer of the food store. The trial judge's determination that the testimony would fall beyond the limits of relevancy reflects a proper exercise of discretion. *State v. Grant,* 9 Wn. App. 260, 511 P.2d 1013 (1973).

Finally, Shaffer challenges the procedure by which he was adjudged a habitual criminal. He first contends that because the State did not inform him of its intention to invoke habitual criminal proceedings prior to trial of the robbery charge, he was denied due process of law. He further contends that unless the habitual criminal proceeding is held to be a continuation of the robbery trial, it should have been dismissed for failure to try him within 60 days after his first appearance on the habitual criminal charge.

Shaffer's first contention is grounded upon a line of Washington cases holding that

> when the State seeks to rely upon either RCW 9.41.025 or RCW 9.95.040, or both,[2] due process of law requires that the information contain specific allegations to that effect, thus putting the accused person upon notice that enhanced consequences will flow with a conviction. *State v. Frazier,* 81 Wn.2d 628, 503 P.2d 1073 (1972); *State v. Pringle,* 83 Wn.2d 188, 517 P.2d 192 (1973); *State v. Mims,* 9 Wn. App. 213, 511 P.2d 1383 (1973); *Miller v. Morris,* 10 Wn. App. 694, 519 P.2d 1314 (1974); *State v. Smith,* 11 Wn. App. 216, 521 P.2d 1197 (1974. Failure of the State to so allege precludes reliance upon the statutes by the trial court or the Board of Prison Terms and Paroles.

*State v. Cosner,* 85 Wn.2d 45, 50, 530 P.2d 317 (1975). Shaffer argues that the rationale of the cited cases should apply when the State *has* knowledge of an accused's prior

---

[2]RCW 9.95.040 requires the parole board to fix a minimum sentence of 5 years if the defendant was armed with a *deadly weapon.* In addition to fixing a minimum sentence of 5 years if a defendant was armed with a *firearm,* RCW 9.41.025 provides that the sentence *shall not be suspended or deferred. See State v. Smith,* 11 Wn. App. 216, 521 P.2d 1197 (1974) for a discussion of the apparent inconsistencies between the two statutes.

criminal record and *intends* to invoke habitual criminal proceedings following conviction on a current charge.

■ We do not agree. Habitual criminal proceedings are distinguishable from statutes which mandate enhanced penalties following conviction of specific crimes because a habitual criminal charge "does not constitute an offense in itself, but merely provides an increased punishment for the last offense . . ." *Frye v. Delmore,* 47 Wn.2d 605, 606, 288 P.2d 850 (1955). Habitual criminal status is not automatically established when an accused has acquired a sufficient number of convictions. As is pointed out in *State v. Johnston,* 17 Wn. App. 486, 492, 564 P.2d 1159 (1977),

> [e]ven if the prosecuting attorney has knowledge of prior convictions he may, in the proper exercise of his discretion, elect not to file such charges. *Cf. State v. Alexander,* 10 Wn. App. 942, 521 P.2d 57 (1974). On the other hand, should he choose to file them the defendant must be arraigned on a supplemental information and is entitled to a jury trial with his full panoply of rights before the necessary finding of habitual criminal status is reached, if ever. *State v. Tatum,* 61 Wn.2d 576, 379 P.2d 372 (1963). In contradistinction, the mandatory minimum terms of RCW 9.41.025, and RCW 9.95.040(1), and other statutes which prescribe enhanced penalties for certain aggravated offenses, follow immediately upon the heels of a guilty plea to those specific charges and, as such, are a direct and natural consequence of the plea.

In *State v. West,* 197 Wash. 595, 603, 86 P.2d 192 (1939), our Supreme Court rejected the contention that the discretionary power granted prosecutors by Washington's habitual criminal statute was unconstitutional, pointing out that the filing of any charge was discretionary under the "information system." A decision to file habitual criminal proceedings is addressed to the exercise of discretion by the prosecutor *after* conviction on a current charge. Hence, a conviction upon a current charge will not directly and "irrevocably" (*State v. Frazier,* 81 Wn.2d 628, 634, 503 P.2d 1073 (1972)) compel the imposition of an enhanced sentence.

We further point out that in *State v. Gibson,* 16 Wn. App. 119, 553 P.2d 131 (1976), we held that although a life sentence is mandatory for one adjudged to be a habitual criminal, a trial judge may, nevertheless, exercise the discretion granted him by RCW 9.92.060 and suspend the imposition of sentence. Consequently, we are not in this case "dealing with a factual determination which, if determined adversely to the appellant, irrevocably forbids the court from exercising its independent judgment concerning whether the appellant is to receive a deferred or suspended sentence." *State v. Frazier, supra* at 634.

■ Concerning his contention that he was denied a speedy trial, Shaffer concedes that *State v. Persinger,* 62 Wn.2d 362, 382 P.2d 497 (1963) and *State v. Allen,* 75 Wn.2d 17, 448 P.2d 332 (1968) hold that RCW 10.46.010, the predecessor of CrR 3.3, did not apply to habitual criminal proceedings. He suggests, however, that the adoption of CrR 3.3 may signify a change in policy or emphasis and that it should be held to apply to habitual criminal proceedings. He points out that in *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975), it is noted that under CrR 3.3, a showing of prejudice to the defendant is no longer necessary as it was under RCW 10.46.010. In his reply brief, however, Shaffer fails to respond to the State's reliance upon *State v. Starrish,* 86 Wn.2d 200, 204, 544 P.2d 1 (1975), which held that:

> In *Persinger* we reasoned that RCW 10.46.010, which provided for a right to speedy trial, was designed to protect persons charged with *crimes* and did not apply to a habitual criminal proceeding because such a proceeding is not a crime. *Persinger* does not conflict with the conclusion we reach in the instant case. The supplemental information is not filed to prosecute a distinct crime; it is simply a supplemental proceeding initiated as a result of the original felony. Even though the right to speedy trial is not applicable to a habitual criminal charge, the proceeding remains a "criminal prosecution" as that term is used in CrR 8.3(b).

(Footnote omitted.)

Affirmed.

WILLIAMS and CALLOW, JJ., concur.

Petition for rehearing denied January 26, 1978.

Review denied by Supreme Court July 21, 1978.