[No. 5217–1.   Division One.   November 14, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSE
MANUEL GONZALES, *Appellant*.

*Kirk L. Griffin*, for appellant (appointed counsel for
appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *H.
Duane Evans, Deputy*, for respondent.

JAMES, J.—At jury trial, defendant Jose Manuel Gonzales
was found guilty of rape in the second degree as defined by
RCW 9.79.180. His principal claim of error on appeal is
that his challenge to the sufficiency of the evidence should
have been sustained by the trial court. He asks that we
dismiss the case upon the same ground.

The instructions given by the trial judge required that
the State prove beyond a reasonable doubt that Gonzales

engaged in sexual intercourse with the complaining witness by "forcible compulsion."

The jury was instructed that

"[f]orcible compulsion" means physical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical injury to herself or himself or another person, or in fear that she or he or another person will be kidnapped.

Instruction No. 9.

Gonzales contends that the evidence produced by the State was insufficient to prove forcible compulsion.

The incident occurred late at night in the Denny Creek campground, which is located in the Cascade Mountains east of North Bend, Washington. The jury might well have been persuaded, as Gonzales contends, that the prosecuting witness drove him to the area in her car, knowing of his desires and ambivalent as to her own, and that her eventual consent was not compelled by fear.

The prosecuting witness did not testify that her eventual submission was compelled by physical force or by verbalized threat. She testified that while seated in her car, Gonzales did use physical force to embrace and kiss her; that he forcibly put her hand upon his penis; that she attempted to break out of her predicament by the ruse of locking Gonzales out after agreeing to leave the car, but that Gonzales forcibly dragged her from the car when he realized her intention. She stated that she ultimately ceased to resist his insistent demands because his conduct put her in fear of physical injury if she refused.

▐ The guilty verdict necessarily reflects a finding by the jury that the complaining witness submitted because of an *implied* threat of physical injury to herself. The fact that we might conclude that the evidence is not convincing does not permit us to set aside the jury's verdict. Nor is it necessary that we be satisfied of Gonzales' guilt beyond a reasonable doubt. As held in *State v. Long,* 44 Wn.2d 255,

259, 266 P.2d 797 (1954), our limited function is to determine "whether the evidence was *legally sufficient* to support such a finding—that is, whether there is *substantial evidence* tending to establish circumstances on which such a finding could be predicated." (Italics ours.) *Accord, State v. Randecker,* 79 Wn.2d 512, 515, 487 P.2d 1295 (1971).

█ The concept that a woman consents unless she struggles to the limit of her strength was long ago discarded as the legal standard. *State v. Thomas,* 9 Wn. App. 160, 510 P.2d 1137 (1973). We find that the evidence of implied threat, though circumstantial, is nevertheless substantial.

Gonzales further claims that the "photographic identification procedure of the police violated [his] constitutional rights to confrontation, right to counsel, and due process under the Washington and United States Constitutions."

█ The claim is without merit. The identification of Gonzales as the perpetrator of the alleged rape was not in issue. As above related, his defense was that the prosecuting witness consented. Gonzales was in no way prejudiced by the procedure. *State v. Shaffer,* 18 Wn. App. 652, 571 P.2d 220 (1977).

Finally, Gonzales complains that because the presentence report considered by the trial judge contained hearsay statements concerning his prior criminal record, he was denied his constitutional right to confrontation. For the reasons stated in *State v. Short,* 12 Wn. App. 125, 528 P.2d 480 (1974), Gonzales' claim is without merit.

Affirmed.

CALLOW and ANDERSEN, JJ., concur.

Reconsideration denied February 16, 1978.

Review denied by Supreme Court July 21, 1978.