[No. 6266–1.   Division One.   March 26, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES
EARL CALDWELL, *Appellant.*

*John Muenster, Public Defender,* for appellant (counsel for appeal only).

*Norm Maleng, Prosecuting Attorney,* and *Thomas E. Kelly, Jr., Deputy,* for respondent.

WILLIAMS, J.—James Earl Caldwell was convicted by a jury of an assault in the first degree and an assault in the second degree. He was also found to have been carrying a firearm requiring mandatory minimum sentences, RCW 9.41.025. Issues raised on his appeal concern the conduct of the prosecuting attorney, the presumption of intent, and the application of the firearm statute. Except for the last issue, we affirm.

Although the facts are disputed, the version of the victims, John Parmon and a friend, is that they became associated with two women during an evening of drinking in downtown Seattle. Parmon took one of the women into an apartment building and shortly thereafter came running out, stating that his wallet had been stolen. The other woman, Myrtle Sinclair, agreed to help get his wallet back, so she, the friend, and Parmon went to another building where they met Caldwell, who shot Parmon and pistol-whipped his friend. At the trial, Sinclair, called by the defense, testified that neither she nor Caldwell were involved in the assaults.

First, Caldwell contends that he was prejudiced by the prosecutor's cross-examination of Sinclair concerning

whether she was a drug pusher. The testimony occurred during a rather extensive questioning about events following the shooting. Placed in context, the testimony was:

My question is: Why didn't you come out of hiding and talk with the police about what these two men had done to you?
A Why?
Q Yes.
A Because I was hiding. I was scared. That's why. And I don't talk to police.
Q What is your occupation, by the way?
A I don't have an occupation. I am a mother.
Q Have you ever told anyone that you were a pusher?
A A who?
Q A pusher.
A No. No.
Q Pushing drugs?
A No, I don't push drugs.
Q You had been hiding in the back yard for about an hour and ten minutes; right?
A An hour.
Q How much longer were you going to stay there hiding?
A No longer than when they caught me because I was on my way out.

On direct examination Sinclair had said that she told Parmon's friend that she could get him some dope so that he would let her go. The testimony also tied in with Parmon's description of the assault:

Q She [Sinclair] was in front of you. She then handed him the pouch to your right side?
A She backed away and then she said I was the one caused her to lose the heroin and I turned around and this guy shot me in the face.

Whether Sinclair was a drug pusher, or had told someone she was, was relevant to the jury's understanding and assessment of just what did happen. She answered the questions forthrightly, no objection was made to them or to the answers, and from the record it appears that no particular importance was attached to the testimony. Even if the testimony was not admissible because only tenuously relevant, it is inconceivable that it was prejudicial to Caldwell.

■ Second, the instruction on the presumption that every man intends the natural and probable consequences of his own acts has been approved by the Supreme Court in *State v. Durning,* 71 Wn.2d 675, 430 P.2d 546 (1967), *State v. Nelson,* 65 Wn.2d 189, 396 P.2d 540 (1964), and in other decisions.

■ Third, Caldwell contends that his possession of a firearm may not be used against him twice, once as an essential element of the crime of first–degree assault, RCW 9A.36.010(1)(a), and then to enhance the punishment meted out, RCW 9.41.025. *State v. Frazier,* 81 Wn.2d 628, 503 P.2d 1073 (1972). Caldwell points out that in *State v. Workman,* 90 Wn.2d 443, 454, 584 P.2d 382 (1978), a first–degree robbery case, the "rule of lenity" precluded applying the firearm statute "so as to impose an additional penalty." An ingredient of the crime of robbery, first degree, is that the robber be armed with or display a deadly weapon which includes any firearm under RCW 9A.04.110.

The "rule of lenity" applies with equal reason to this case. Caldwell was charged with first–degree assault alleged to have been committed by the use of a firearm which was an essential element of the crime and made it a Class A felony. Without proof of the firearm the crime would have been a Class B felony.

A Class B felony calls for imprisonment for not more than 10 years, a maximum fine of $10,000, or both; a Class A felony calls for imprisonment for not less than 20 years, a maximum fine of $10,000, or both. RCW 9A.20.020. The assault with a firearm therefore cost Caldwell up to 20 years in the penitentiary and, because of the firearm statute, at least 5 years of that sentence could not be suspended or deferred.

We note that in *State v. Foster,* 91 Wn.2d 466, 477, 589 P.2d 789 (1979), a second–degree assault case, the court rejected this argument because use of a deadly weapon or firearm was not a necessary element of second–degree assault, but said, "Had appellant been convicted of assault

in the first degree under RCW 9A.36.010(1)(a), this contention might have merit."

Although we recognize the anomaly that a person who is convicted of second–degree assault while in possession of a firearm may be required to serve at least 5 years and one convicted of first–degree assault may not, the decision in *State v. Workman, supra,* and the suggestion in *State v. Foster, supra,* above quoted, requires elimination of the firearm charge for the conviction of first–degree assault, but not for the one in the second degree.

The judgment is affirmed as to the convictions for first– and second–degree assault, but reversed as to the first–degree assault mandatory minimum sentence.

DORE and RINGOLD, JJ., concur.

Reconsideration denied June 26, 1979.

Review granted by Supreme Court October 12, 1979.