[No. 3370–2.   Division Two.   October 11, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. VICTOR L. MILES, *Appellant.*

*Ronald D. Ness* of *Kitsap County Public Defender,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* and *Warren K. Sharpe, Deputy,* for respondent.

SOULE, J.—This is an appeal from convictions of first–degree robbery and first–degree assault. Counsel first moved for leave to withdraw on the basis that this appeal presented no arguable issues. *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967); *State v. Theobald,* 78 Wn.2d 184, 470 P.2d 188 (1970). After this case was set for oral argument, the court conducted an independent review of the record. As a result of this review, it became apparent that one issue of possible merit was present. Counsel was then granted leave to withdraw his motion to withdraw as counsel and has been allowed to argue this issue, which relates to the propriety of an enhanced penalty in a first–degree robbery or first–degree assault case. RCW 9.41.025.

The facts of this case are quite simple. On November 15, 1977, seven sailors from the USS *Ranger* met at the apartment of one of them to watch a movie on television and to drink beer. It was payday for Navy personnel.

At about 10:30 p.m., one victim went into the kitchen where he found the defendant, who was armed with a pistol. The defendant forced him back into the living room area where the other six people were. The defendant then lined all seven people up and demanded they empty the contents of their pockets into a plastic bag. When this tactic yielded only a small amount of money, the robber made everyone lie on the floor and searched them all. During this search, he indicated to one of the victims that he was going to "blow your head off" unless he received more money. The defendant said he knew that the victims had just been paid and to emphasize his desire that they part with their money, he fired a shot into the ceiling. At about this point, the defendant's victims overpowered him, beat him, and called the police.

The defendant's contention was that he believed that the victims had stolen 2 1/2 pounds of marijuana which the defendant had purchased and then lost. Defendant claimed he only wanted to reclaim either his marijuana or the money it had cost him. He made this claim in a statement to police and again in his testimony in court. He testified to essentially the facts set forth above.

■ The jury convicted defendant of first–degree assault on one of the victims and first–degree robbery of the others. In all cases the jury also returned special verdicts that the defendant was armed with a firearm at the time of commission of the crimes. RCW 9.41.025.[1] On appeal, the only issue is whether these firearms findings and the mandatory minimum prison terms they carry may stand in light of the

---

[1]RCW 9.41.025 states in part:

"Any person who shall commit or attempt to commit any felony, or any misdemeanor or gross misdemeanor categorized herein as inherently dangerous, while armed with, or in the possession of any firearm, shall upon conviction, *in addition to the penalty provided by statute for the crime committed without use or possession of a firearm*, be imprisoned as herein provided:

"(1) For the first offense the offender shall be guilty of a felony and the court shall impose a sentence of not less that five years, which *sentence shall not be suspended or deferred*;" (Italics ours.)

opinion in *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978). With respect to the robbery convictions, we hold that they cannot, and remand the case for resentencing. With respect to the assault conviction, we hold that it can.

The *Workman* opinion itself indicates that where a defendant is convicted of first-degree robbery under RCW 9A.56.200,[2] that defendant cannot also be subjected to the enhanced penalty provision of RCW 9.41.025 for committing an offense while armed with a firearm. Since this case was on appeal when *Workman* was decided, we hold that defendant is entitled to the benefit of that decision.

In deciding *Workman,* reliance was placed upon *Simpson v. United States,* 435 U.S. 6, 55 L. Ed. 2d 70, 98 S. Ct. 909 (1978), which, upon finding ambiguity concerning the ambit of certain criminal statutes, applied the related statutory construction principles of giving precedence to a specific statute over a general statute and the rule of lenity.[3] Specifically, the court in *Workman* reasoned that the old robbery statute, RCW 9.75.010,[4] enacted in 1909, did not

---

[2]RCW 9A.56.200 states:

"(1) A person is guilty of robbery in the first degree if in the commission of a robbery or of immediate flight therefrom, he:

"(a) Is armed with a deadly weapon; or

"(b) Displays what appears to be a firearm or other deadly weapon; or

"(c) Inflicts bodily injury.

"(2) Robbery in the first degree is a class A felony."

[3]The statutes involved in *Simpson v. United States,* 435 U.S. 6, 55 L. Ed. 2d 70, 98 S. Ct. 909 (1978), were 18 U.S.C. § 2113(a)(d) and 18 U.S.C. § 924(c). They were considered by the court to create two separate offenses, and as applied by the trial court, the effect was to impose two separate and consecutive penalties for the same act, thereby creating double jeopardy problems.

RCW 9.41.025 does not create a separate offense, but merely enhances the penalty if a firearm is used. *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978); *State v. Frazier,* 81 Wn.2d 628, 503 P.2d 1073 (1972); *State v. Boyer,* 4 Wn. App. 73, 480 P.2d 257 (1971).

[4]RCW 9.75.010 states:

"Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the

provide for degrees of robbery based on the element of the presence or absence of a firearm, and that RCW 9.41.025, enacted in 1969, was the means by which the legislature provided for an increased penalty. That penalty includes a minimum term of 5 years *which may not be suspended or deferred.*

In *Workman,* the court then reasoned that when RCW 9A.56.200 was enacted, the legislature created a new crime of first–degree robbery and added a specific element of the display of a firearm or a deadly weapon as the aggravating factor which distinguished first–degree from second–degree robbery, and that *absent clear evidence of legislative intent* to impose the more severe penalty provided by RCW 9.41.025, that the rule of lenity adverted to in *Simpson* would preclude the application of enhanced penalties under both statutes.

The incongruous result, also perceived in *State v. Caldwell,* 23 Wn. App. 8, 591 P.2d 849 (1979), is that if a defendant is convicted of first–degree robbery, he may now receive a suspended or deferred sentence because RCW 9.41.025 may not be invoked. However, if he is convicted of robbery in the second degree under RCW 9A.56.210, and there is a finding that at the time he was armed with, or in possession of a firearm, he may not be granted a suspended or deferred sentence, and the court must impose a sentence of not less than 5 years. Such a state of the law is worthy of legislative reconsideration.

Defendant urges that the same reasoning should apply to

robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear. Every person who shall commit robbery shall be punished by imprisonment in the state penitentiary for not less than five years."

a conviction for assault in the first degree under RCW 9A.36.010.[5]

We recognize that defendant's theory has been upheld in *State v. Caldwell, supra,* which held that *Workman* applied equally to RCW 9A.36.010, and then applied the rule of lenity. However, we respectfully disagree with *Caldwell* because, as we understand *Workman,* the rule of lenity was applied because of the absence of clear evidence of legislative intent with respect to newly enacted RCW 9A.56.200.

We find no such absence of intent with respect to RCW 9A.36.010, and its predecessor, RCW 9.11.010.[6]

Examination of the text of the two assault codifications reveals that the operative wording is identical. The legislation which is the root of both was enacted by Laws of 1909, ch. 249. That legislative act specifically mentions the use of a firearm as an alternative element of the crime, but provides that the crime may also be committed by other means. By the later enactment of RCW 9.41.025, the firearm statute, it is clear to us the legislative intent was to prevent suspension or deferral of the penalty to be imposed

---

[5]RCW 9A.36.010 reads:

"(1) Every person, who with intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of another, shall be guilty of assault in the first degree when he:

"(a) Shall assault another with a firearm or any deadly weapon or by any force or means likely to produce death; or

"(b) Shall administer to or cause to be taken by another, poison or any other destructive or noxious thing so as to endanger the life of another person.

"(2) Assault in the first degree is a class A felony."

[6]RCW 9.11.010 states:

"Every person who, with intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of another—

"(1) Shall assault another with a firearm or any deadly weapon or by any force or means likely to produce death; or

"(2) Shall administer to or cause to be taken by another, poison or any other destructive or noxious thing so as to endanger the life of another person, shall be guilty of assault in the first degree and shall be punished by imprisonment in the state penitentiary for not less that five years."

on one convicted of any felony as then defined by the legislature if a firearm was used.

We find no ambiguity in the correlation of these statutes. *Simpson* makes it clear that ambiguity between statutes is a factor in determining whether the rule of lenity should be employed, and the more recent decision of *United States v. Batchelder,* 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198 (1979), makes it clear that the rule of lenity is not to be applied when no ambiguity exists. /

Unlike the changes in the robbery statute accomplished by the revision of the criminal code through Laws of 1975, 1st Ex. Sess., ch. 260, no element of the crime of assault in the first degree was changed. The crime was the same before as after. The intent presumed in *Workman* to incorporate the aggravating factor into the newly created crime of robbery in the first degree finds no parallel in the recodification of the statute pertaining to assault in the first degree. Therefore, the ambiguity essential to applying the rule of lenity to the new crime of first–degree robbery does not exist with respect to first–degree assault.

In *State v. Foster,* 91 Wn.2d 466, 589 P.2d 789 (1979), there is a discussion from which it might be inferred that perhaps the *Workman* rule also applies to convictions under RCW 9A.36.010(1). In that case, no analysis was undertaken of the different origins of RCW 9A.36.010 and RCW 9A.56.200.

Rather, the concern seems to be that RCW 9.41.025 provides for the enhanced penalty upon conviction "in addition to the penalty provided by statute *for the crime committed without use or possession of a firearm, . . ."* (Italics ours.)

It should be sufficient to note that under both RCW 9A.36.010(1) and RCW 9.11.010(1), the use of a firearm was only one of the possible ways of committing the offense. Other means were by some deadly weapon other than a firearm, or any force or means likely to produce death. No matter what the means, the basic penalty provided by the statute was the same.

By providing, as does RCW 9.41.025, for a penalty in addition to that provided by the basic statute for the same crime committed without use or possession of a firearm, the legislature was merely recognizing that if a firearm was used, rather than a lesser weapon or other force, that the crime was of even greater magnitude and that the punishment should not be suspended or deferred, whereas otherwise, the trial court might choose to do so. *State v. Thompson*, 88 Wn.2d 60, 558 P.2d 245 (1977). We see nothing improper in recognizing, as did *Thompson*, that a given crime committed without a firearm is less offensive to society than that same crime committed with a firearm, and that it is within the power of the legislature to provide that if a firearm is used, the penalty may be enhanced by denying the privilege of suspension or deferral.

Therefore, we affirm the first–degree assault conviction in all respects, but, as required by *Workman,* remand the case for resentencing on the robbery convictions.

PEARSON, C.J., and PETRIE, J., concur.