[No. 7215–3–I.   Division One.   April 21, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. TERRY WILSON, *Appellant*.

*Anna–Mari Sarkanen* of Seattle–King County Public Defender Association and *Tim O. Fogh,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Gregory P. Canova, Deputy,* for respondent.

DURHAM–DIVELBISS, J.—This is a consolidation of two appeals arising out of separate incidents on the same day. In the first, the defendant appeals from a conviction of two

counts of first–degree assault while in possession of a fire-arm. The second appeal stems from the defendant's plea of guilty to second–degree assault.

On August 8, 1978, around 1 a.m., the defendant, Terry Wilson, shot and injured Clyde Tolliver in the parking lot of Vince's Italian Restaurant & Pizzeria (Pizzeria) in Seattle. A restaurant employee mistakenly identified the assailant as James Wilson, the defendant's brother, who was subsequently charged with the crime. The charges against James Wilson were later dropped when it became apparent that the defendant had committed the crime. Later on the same day as the Pizzeria shooting, the defendant was taken into custody after a shoot–out with Seattle police at the Aurora's of Mexico restaurant. In November 1978, the defendant was tried and convicted of first–degree assault with a special firearm finding in connection with the Mexican restaurant shooting. At the time of sentencing, the judge was informed of the defendant's involvement in the Pizzeria assault.

The prosecutor subsequently asked the King County jail to hold the defendant pending a decision whether or not to charge him with the Pizzeria assault. He was so charged in January 1979, and was brought to trial on March 20, 1979. After the court denied his motion to dismiss, the defendant pleaded guilty to a charge of second–degree assault.

We will first address the sole issue arising from the trial of the Mexican restaurant shooting: that is, if RCW 9.41-.025, the firearm penalty enhancement statute, applies to a conviction for assault in the first degree, an element of which is the use of a deadly weapon.

The firearm penalty enhancement statute increases the penalty for crimes when a firearm is used in their commission. However, because the legislature presumably took into account the use of a weapon when it fixed the penalty for certain crimes, doubt arises as to whether the legislature intended the firearm penalty enhancement statute to apply to convictions in such cases.

■■ In *State v. Caldwell,* 23 Wn. App. 8, 591 P.2d 849 (1979), this court, faced with the identical issue raised here, followed the decision of our Supreme Court in *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978). *Workman* concerned a conviction for first–degree robbery, which requires the use of a deadly weapon. Our State Supreme Court, applying the "rule of lenity" rather than imposing an additional penalty, construed the firearm statute not to apply. The court relied on *Simpson v. United States,* 435 U.S. 6, 55 L. Ed. 2d 70, 98 S. Ct. 909 (1978), in which the court, confronted with a similar problem concerning two federal statutes, ruled that the presence of such an ambiguity required the court to apply two rules of statutory construction. The first rule, the rule of lenity, provides that a court ought not to interpret a criminal statute so as to increase the penalty imposed, absent clear evidence of a legislative intent to do so. The second rule provides that when there is doubt about the application of two statutes, the specific one will control the more general one. *Simpson v. United States, supra* at 16.

■ In *Caldwell,* we found these rules to apply with equal reason to convictions for first–degree assault, of which an essential element is the use of a deadly weapon such as a firearm. While we acknowledge that another division of this court has reached the opposite conclusion in *State v. Miles,* 24 Wn. App. 430, 601 P.2d 971 (1979), we believe that the firearm penalty enhancement provision should not be applied to a conviction for first–degree assault. *State v. Caldwell, supra; State v. Workman, supra.* Because of our decision on this issue, we need not consider the defendant's claim that the statutory scheme created by the two statutes violates the double jeopardy clause.

The remaining issues relate to the Pizzeria assault, to which the defendant entered a plea of guilty.

The defendant first assigns error to the failure of the trial court to dismiss the charges pursuant to CrR 3.3, the speedy trial rule.

The State contends that the defendant waived his right to appeal the alleged violation of CrR 3.3 by accepting a plea bargain. The defendant argues that because he was not specifically informed that he was giving up his ability to appeal the denial of a speedy trial, he did not make a knowing and intelligent waiver of that right at the time he accepted the plea bargain.

■ This issue was specifically addressed in *Woods v. Rhay,* 68 Wn.2d 601, 606–07, 414 P.2d 601, *cert. denied,* 385 U.S. 905, 17 L. Ed. 2d 135, 87 S. Ct. 215 (1966), in which the court stated:

> We have held that a voluntary plea of guilty waives all defenses other than that the complaint, information, or indictment charges no offense. This includes the right to trial and the incidents thereof. . . . Other jurisdictions follow this principle, and extend it to the right to a speedy trial. . . .
> In the instant case, we hold that petitioner's plea of guilty waived his right to now complain of the delay between arrest and hearing.

There is no reason why a defendant should be allowed, following acceptance of a plea bargain, to raise issues relating to denial of his statutory right to speedy trial, under circumstances where he has waived his constitutional rights. The defendant's contention amounts to nothing more than a request to have his cake while preserving his right to eat it at some future date. *United States v. Cox,* 464 F.2d 937 (6th Cir. 1972).

■ The defendant next argues that the State's delay in filing the Pizzeria assault charges prejudiced him because it resulted in his receiving consecutive terms, rather than the concurrent terms he alleges he would have received if the two assault cases had been tried together. This prejudice, he asserts, constitutes a denial of due process. We have held, however, that such prejudice "must be specially demonstrated and cannot be based upon speculation." *State v. Haga,* 8 Wn. App. 481, 489, 507 P.2d 159 (1973). The

defendant's assertion that he would have received concurrent terms had the two assaults been tried together is pure speculation.

■ We similarly find no merit in the defendant's claim that the prosecutor's motive for filing a second set of charges was to punish the defendant for exercising his right to a fair trial. Specifically, the defendant argues that he was deprived of his right to rely on the discretion of the court to sentence him concurrently rather than consecutively. Such a "right" is not contemplated by any of the cases cited by the defendant, and could not be exercised in any meaningful sense. *See, e.g., Blackledge v. Perry,* 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098 (1974).

The convictions are affirmed; the case remanded for resentencing on the first–degree assault consistent with this opinion.

JAMES, A.C.J., and ANDERSEN, J., concur.

Reconsideration denied June 4, 1980.

Review denied by Supreme Court October 10, 1980.