# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of<br><br>TIMOTHY ROBERT PETROZZI. | No. 50559-2-II<br><br><br><br>UNPUBLISHED OPINION |

JOHANSON, J. — Timothy Petrozzi seeks relief from personal restraint imposed as a result of the trial court's entry of competency evaluation and restoration orders while Petrozzi was facing criminal charges. Petrozzi argues that (1) the trial court violated his timely trial right by failing to dismiss his charges under CrR 3.3, (2) the trial court's competency proceedings failed to comply with statutory requirements, and (3) the trial court violated his constitutional rights by failing to address several of his pro se motions, which Petrozzi had filed while he was represented by counsel. We deny Petrozzi's petition.

## FACTS

At the time Petrozzi filed his petition, he was a defendant in three separate criminal matters. On August 21, 2013, the State charged Petrozzi with felony hit and run and driving under the influence. On April 15, 2014, the State charged Petrozzi with two counts of intimidating a judge.

And on October 12, 2016, the State charged Petrozzi with third degree assault, obstructing a law enforcement officer, and third degree driving while license suspended.

On July 20, defense counsel requested a competency evaluation over Petrozzi's objection; the trial court ordered an out-of-custody competency evaluation and continued the proceedings in both the 2013 and 2014 matters pending the results of the evaluation. Dr. Lezlie Pickett, a licensed clinical psychologist at Western State Hospital, evaluated Petrozzi and submitted a report dated August 29. Pickett's report concluded, "Due to active symptoms of a major mental illness, Mr. Petrozzi lacks the capacity to fully understand the nature of the proceedings against him and lacks the capacity to assist meaningfully in his own defense." Resp. to PRP, Exs. 34 at 1, 81 at 1.

On September 8, the trial court found Petrozzi incompetent to stand trial in the 2013 and 2014 matters and ordered a second competency evaluation at public expense. On September 14, the trial court granted Petrozzi's motion to appoint independent expert Dr. Indra Finch to assist him regarding issues with his competency to stand trial and determining his mental condition at the time of his alleged crimes.

On October 19, the State moved to continue Petrozzi's arraignment on the October 12 charges until the competency review hearing was held in the 2013 and 2014 matters. The trial court granted the State's motion to continue arraignment and on its own motion ordered a competency evaluation in the 2016 matter. The trial court also granted Petrozzi's request to present evidence to the mental health evaluator, noting that the evaluator would determine the relevancy of any submitted evidence.

On December 16, the trial court found that Petrozzi lacked the capacity to assist in his own defense as a result of a mental disease or defect and entered an order for up to 45 days of

competency restoration treatment.  On December 29, Petrozzi filed a pro se motion for revision of the trial court's competency restoration order.  Petrozzi also filed several other pro se motions while he was represented by counsel.

Following Petrozzi's competency restoration period, Western State Hospital psychologist Brandi Lane filed a report that concluded Petrozzi had the capacity to understand the nature of the proceedings against him and the capacity to assist in his defense.  At a March 27, 2017 competency hearing, Petrozzi's counsel requested a second competency evaluation over Petrozzi's objection, which the trial court granted.

On April 13, Petrozzi's independent competency evaluator, Dr. Finch, submitted a report that concluded, "Petrozzi is demonstrating symptoms of a currently untreated mental disorder that deleteriously impacts his rational capacity to assist his attorney in his defense."  Resp. to PRP, Ex. 54 at 8.  On May 10, the trial court found Petrozzi lacked the capacity to assist in his defense and entered a second order for competency restoration treatment.  Petrozzi filed his personal restraint petition (PRP) on May 31.

On June 8, the trial court held a hearing to determine whether there was a sufficient basis to authorize an involuntary medication order.  On July 3, the trial court entered an order authorizing the involuntary administration of anti-psychotic medication.  On September 27, 2018, the trial court entered an order finding that Petrozzi was competent to stand trial.  Thereafter, Petrozzi agreed to plead guilty to an amended information charging him with intimidating a judge, obstructing a law enforcement officer, and gross misdemeanor hit and run in exchange for the State dismissing the remaining charges in all three criminal causes and recommending an exceptional downward sentence of 12 months incarceration with credit for 12 months served.  On September

No. 50559-2-II

27, 2018, the trial court accepted Petrozzi's guilty pleas as voluntary and sentenced him to the recommended exceptional downward sentence of 12 months with credit for 12 months served.

ANALYSIS

To obtain relief through a PRP, Petrozzi must demonstrate that he is under restraint and that the restraint is unlawful. RAP 16.4(a); *In re Pers. Restraint of Martinez*, 171 Wn.2d 354, 363, 256 P.3d 277 (2011). A petitioner is under restraint if the petitioner has limited freedom because of a court decision, is confined or subject to imminent confinement, or is under some other disability resulting from a judgment or sentence in a criminal case. RAP 16.4(b); *Martinez*, 171 Wn.2d at 363. Petrozzi must show either constitutional error that resulted in actual and substantial prejudice or nonconstitutional error that resulted in a complete miscarriage of justice. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810-13, 792 P.2d 506 (1990). Additionally, Petrozzi must support his claims of error with a statement of facts on which his claim of unlawful restraint is based and the evidence available to support his factual allegations; he cannot rely solely on conclusory allegations. RAP 16.7(a)(2); *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 365, 759 P.2d 436 (1998); *see also Cook*, 114 Wn.2d at 813-14.

I. CrR 3.3

Petrozzi first argues that the trial court erred by failing to dismiss his charges for a violation of CrR 3.3's time for trial rule. We do not reach the merits of Petrozzi's CrR 3.3 argument because the issue is now moot.[1]

---

[1] On October 2, 2018, the State filed a motion to dismiss Petrozzi's petition as moot due to his guilty plea agreement. Because the State's motion to dismiss does not address all of the issues raised in Petrozzi's petition, it is denied. But we rely on the arguments contained in the State's motion to dismiss in addressing Petrozzi's claim of a CrR 3.3 time for trial violation.

An issue is moot if the court can no longer provide effective relief. *In re Pers. Restraint of Stevens*, 191 Wn. App. 125, 133, 361 P.3d 252 (2015). We cannot provide effective relief with regard to Petrozzi's contention that the trial court violated his CrR 3.3 time for trial right because he has waived such contention by pleading guilty. *See Woods v. Rhay*, 68 Wn.2d 601, 607, 414 P.2d 601 (1966) (A "petitioner's plea of guilty waived his right to now complain of the delay between arrest and hearing."); *State v. Wilson*, 25 Wn. App. 891, 895, 611 P.2d 1312 (1980) (Criminal defendant waives alleged violations of CrR 3.3 by accepting a plea bargain.). Because Petrozzi's claim of a CrR 3.3 time for trial violation has been rendered moot by his agreement to plead guilty, we do not further address the issue.

## II. COMPETENCY EVALUATION PROCEDURES

Next, Petrozzi argues that the trial court's competency procedures failed to comply with the requirements of chapter 10.77 RCW. Specifically, Petrozzi argues that he presented certain evidence of death threats and a murder attempt against him to the competency evaluators but that such evidence was neither properly taken into consideration by the evaluators nor presented to the trial court in violation of former RCW 10.77.065(1)(a)(ii) (2012). Petrozzi also argues that the trial court and prosecutor violated RCW 10.77.020[2] by choosing Dr. Finch as his independent competency evaluator.

---

[2] Although Petrozzi argues that the trial court violated RCW 10.77.070 by allegedly choosing his independent competency evaluator, that statutory provision refers to an independent evaluator's right of access to the defendant and the defendant's medical records. It appears that Petrozzi is actually asserting a violation of RCW 10.77.020(2), which refers to his right to an evaluator of his choosing. RCW 10.77.020(2) states,

> Whenever any person is subjected to an examination pursuant to any provision of this chapter, he or she may retain an expert or professional person to perform an examination in his or her behalf. In the case of a person who is indigent, the court shall upon his or her request assist the person in obtaining an expert or professional

Regarding his claim under former RCW 10.77.065(1)(a)(ii), Petrozzi does not identify any evidence supporting his factual assertions that (1) he had presented material to competency evaluators, (2) the competency evaluators failed to consider such material in determining his competency to stand trial, and (3) the competency evaluators failed to disclose such material to the trial court. Accordingly, Petrozzi's petition as it pertains to this issue does not comply with the requirements of RAP 16.7(a)(2) and, thus, we do not address the merits of this claim on that basis.[3] *Williams*, 111 Wn.2d at 365; *Cook*, 114 Wn.2d at 813-14. Moreover, Petrozzi does not explain the relevance of such material to the competency evaluators' determinations or how the failure to consider or disclose such material to the trial court violated the provisions of former RCW 10.77.065(1)(a)(ii).[4] Therefore, even if Petrozzi had identified evidence supporting his factual

---

> person to perform an examination or participate in the hearing on his or her behalf. An expert or professional person obtained by an indigent person pursuant to the provisions of this chapter shall be compensated for his or her services out of funds of the department, in an amount determined by the secretary to be fair and reasonable.

[3] After Petrozzi filed his petition, we granted his request to appoint counsel to represent him in this matter. Petrozzi raised a number of claims in his original petition that his appointed counsel did not reassert in counsel's brief to this court. Those claims included contentions that (1) his defense counsel improperly waived arraignment in the 2016 matter so that his confinement could be used as blackmail to coerce him to plead not guilty by reason of insanity in the 2013 and 2014 matters, (2) his defense counsel obstructed compulsory process by failing to submit subpoenas for witnesses and video recordings showing that he was the subject of death threats and a murder attempt, (3) a former defense counsel refused to provide him with a copy of Dr. Pickett's competency evaluation, and (4) the trial court improperly removed certain documents from his case file. We do not address the merits of these claims because Petrozzi does not identify any evidence supporting the factual assertions underlying them, as required under RAP 16.7(a)(2).

[4] Former RCW 10.77.065(1)(a)(ii) provided,

> A copy of the report and recommendation shall be provided to the designated mental health professional, the prosecuting attorney, the defense attorney, and the professional person at the local correctional facility where the defendant is being held, or if there is no professional person, to the person designated under (a)(iv) of

assertions with regard to this claim, he cannot meet his burden of demonstrating nonconstitutional error that resulted in a complete miscarriage of justice. *Cook*, 114 Wn.2d at 810-13.

Petrozzi also fails to identify any evidence supporting his factual assertion that the trial court and prosecutor chose Dr. Finch as his independent competency evaluator in violation of his rights under RCW 10.77.020(2). Accordingly, Petrozzi's petition on this issue does not comply with the requirements of RAP 16.7(a)(2), and we do not address the merits of this claim.[5] Moreover, the record here shows that the trial court appointed Dr. Finch as Petrozzi's independent competency evaluator based on his counsel's motion.

### III. PRO SE MOTIONS

Finally, Petrozzi argues that the trial court violated his constitutional rights by failing to address several motions that he had filed pro se while represented by counsel. But a trial court has discretion to decline consideration of pro se motions filed by a defendant while represented by counsel. *In re Pers. Restraint of Quinn*, 154 Wn. App. 816, 841, 226 P.3d 208 (2010) (citing *State v. Bergstrom*, 162 Wn.2d 87, 97, 169 P.3d 816 (2007)). And although an accused has a constitutional right to self-representation in criminal proceedings, there is "no Sixth Amendment right to 'hybrid representation,' whereby a defendant serves as co[-]counsel with his attorney." *State v. Bebb*, 108 Wn.2d 515, 524, 740 P.2d 829 (1987). Accordingly, Petrozzi cannot

---

this subsection. Upon request, the evaluator shall also provide copies of any source documents relevant to the evaluation to the designated mental health professional.

[5] Petrozzi acknowledges that his claims regarding the trial court's competency procedures are technically moot due to the expiration of the competency orders at issue. But Petrozzi argues that we should address the merits of his claims because they present an issue of continuing and substantial interest. Because Petrozzi's petition as to these issues do not meet the threshold requirements of RAP 16.7(a)(2), we dispose of his claims on that basis.

No. 50559-2-II

demonstrate that he was unlawfully restrained by the trial court's discretionary decision to decline consideration of his pro se motions. We therefore deny Petrozzi's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, J.

LEE, A.C.J.