Commonwealth *v.* Walker, Appellant.

Argued March 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Samuel Kagle,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 22, 1971:

The essential facts in this case are undisputed. Testimony at trial showed that appellant was verbally taunted by a number of children. He responded by pulling a revolver from the trunk of his automobile, pointing it at the children and their mother, and threatening to "blow their heads off." The mother rushed to call the police. Appellant began to walk away, and a few minutes later the police arrived. He was arrested proximate to the scene of the offense, and the arresting officer removed an unregistered revolver from under appellant's shirt.

Appellant was found guilty by a jury of (1) having an unlicensed firearm in a vehicle, and (2) carrying the same unlicensed firearm concealed on his person, all in violation of section (e) of the Uniform Firearms Act.[1] He was sentenced to one year on the first indictment and to one-and-a-half to three years on the second

---

[1] "No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided." Act of June 24, 1939, P. L. 872, §628(e), 18 P.S. §4628(e), as amended.

bill, the sentences to be consecutive. From judgment of sentence this appeal followed.

Appellant contends that his separate convictions are illegal because he has been punished twice for what was essentially one offense. We agree. The offense defined by the Act is carrying a firearm without a license except in one's own place of business or abode. The essence of the offense is the "concealed carrying" of a weapon, whether it is in a vehicle or on the person.[2] The means by which the gun is transported—car or person—is only detail to describe the method of concealment in which the gun is carried.

Under the Commonwealth's interpretation of the statute a defendant who carried a gun in his car would become liable for separate conviction and punishment as soon as he stepped out of the vehicle. The result of such a theory is the multiplication of offenses arising from one transaction for the purpose of pyramiding punishment. "Penal statutes must be strictly construed but construed with common sense." *Commonwealth v. Paul*, 177 Pa. Superior Ct. 289, 292, 111 A. 2d 374, 375 (1955). We cannot assume the legislature intended such an unusual result which offends the common sense dictates of reason. If the legislature intended to separately punish concealment of a gun in a vehicle or on the person in what was essentially the same event, it would have been simple to make this desire explicit.

---

[2] "This section . . . adopts the modern theory of making the prohibition extend not only to weapons concealed on the person but also weapons carried in vehicles whether concealed or not. It is intended thus to remove the easy method by which a criminal on being pursued may transfer a weapon from his pocket to a concealed place in a vehicle." "Explanatory Statement Regarding the Uniform Firearms Act", handbook of the National Conference of Commissioners on Uniform State Laws: Proceedings of the 40th Annual Conference (1930).

Appellant was guilty of only one offense of carrying a concealed unlicensed firearm. Accordingly, the judgment of sentence is vacated and the matter is remanded for resentencing consistent with this opinion.