COMMONWEALTH of Pennsylvania,
Appellee,

v.

Michael MURGALLIS, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1999.

Filed June 2, 2000.

Albert J. Flora, Wilkes-Barre, for appellant.

Peter Paul Olszewski, Jr., Dist. Atty., and Frank P. Barletta, Asst. Dist. Atty., Wilkes-Barre, for Com., appellee.

Before CAVANAUGH, MUSMANNO and BROSKY, JJ.

CAVANAUGH, J.:

¶ 1 This is an appeal from judgment of sentence imposed after a jury convicted

appellant of five counts of unlawful use of a computer, 18 Pa.C.S.A. § 3933(a)(1), five counts of theft by deception, 18 Pa.C.S.A. § 3922, and two counts of bad checks, 18 Pa.C.S.A. § 4105(a)(1). Appellant was sentenced to an aggregate term of imprisonment of three to six years and a consecutive term of two years probation.

¶ 2 The facts, as gleaned from the record, are that from April through June 1997, appellant used an e-mail account on the Internet to sell and to receive various items of aquarium equipment. Certain items for which he had received payment from the victims were not delivered by appellant to them. Other items which were provided to appellant by several victims pursuant to e-mail contacts were not paid for because appellant remitted checks drawn on closed accounts. Contact between the victims and appellant was made through e-mail accounts and web pages maintained on the Internet by appellant and others advertising the merchandise.

¶ 3 Appellant presents two issues for review challenging the sufficiency of the evidence and the legality of his sentence. We have reviewed the merits of each and find that no relief on appeal is warranted. Accordingly, we affirm the judgment of sentence.

¶ 4 The first issue questions the sufficiency of the evidence to support the convictions of unlawful use of a computer. Appellant argues that use of e-mail through the Internet fails to fall within the statutory prohibition of unlawful use of a computer, 18 Pa.C.S.A. § 3933(a)(1), in that the Internet is not a "computer system" and the use of e-mail is not "accessing" a computer system.

¶ 5 The relevant statutory provisions are as follows:

Offense defined—A person commits an offense if he:

(1) accesses, alters, damages or destroys any computer, computer system, computer network, computer software, computer program or data base or

any part thereof, with the intent to interrupt the normal functioning of an organization or to devise or execute any scheme or artifice to defraud or deceive or control property or services by means of false or fraudulent pretenses, representations or promises;

Definitions—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

"Access." To intercept, instruct, communicate with, store data in, retrieve data from or otherwise make use of any resources of a computer, computer system, computer network or database.

"Computer network." The interconnection of two or more computers through the usage of satellite, microwave, line or other communication medium.

"Computer system." A set of related, connected or unconnected computer equipment, devices and software.

18 Pa.C.S.A. § 3933(a), (c).

¶ 6 Appellant was charged in the information filed against him with five counts of violation of § 3933(a)(1). Each of the five counts alleging violation of the statute quoted the complete definition of the offense as contained in § 3933(a)(1), and added, "... to wit, did access a computer system, the 'internet,' to defraud or deceive or control" specified merchandise or U.S. currency. Therefore, appellant was charged with violation of § 3933(a)(1) through any actions or means specified by the above-quoted statutory language.

¶ 7 "The Internet is an international network of interconnected computers." *Reno v. ACLU*, 521 U.S. 844, 849, 117 S.Ct. 2329, 2334, 138 L.Ed.2d 874, 884 (1997). "Individuals can obtain access to the Internet from many different sources, generally hosts themselves or entities with a host affiliation." *Id.* "Anyone with access to the Internet may take advantage of a wide variety of communication and information retrieval methods ... [including] electron-

ic mail ('e-mail') . . . and the World Wide Web." *Id.* "E-mail enables an individual to send an electronic message—generally akin to a note or letter—to another individual or to a group of addressees." *Id.* 521 U.S. at 851, 117 S.Ct. at 2335, 138 L.Ed.2d at 885. "The best known category of communication over the Internet is the World Wide Web, which allows users to search for and retrieve information stored in remote computers, as well as, in some cases, to communicate back to designated sites. In concrete terms, the Web consists of a vast number of documents stored in different computers all over the world." *Id.*

¶ 8 The record demonstrates that appellant communicated with each of the five victims through e-mail either to sell or to buy merchandise. Although telephone communications were also established, each victim was either the initiator or the recipient of e-mail communication with appellant via the Internet.

■ ¶ 9 Appellant argues that no expert evidence was offered to prove that the Internet is a "computer system." We find that the apt description of the Internet, as contained in *Reno v. ACLU*, *supra*, as "an international network of interconnected computers" has become commonly understood by laypersons and this causes it to fall within the definition of "computer network" contained in § 3933(c) without need for expert testimony. Therefore, sufficient evidence was presented to establish the element of the offense that appellant accessed a computer network.

■ ¶ 10 As noted above, the information charged appellant with, *inter alia*, accessing a computer network. The fact that it referred to the Internet as a "computer system" is of no relevance since a variance between the information and the proof at trial is not fatal as long as the defendant had adequate notice of the nature of the crime and it does not cause prejudicial surprise. *Com. v. Lohr*, 503 Pa. 130, 468 A.2d 1375 (1983); *Com. v.*

*Johnson*, 719 A.2d 778, 783, n. 4 (Pa.Super.1998).

¶ 11 Appellant does not maintain that he was surprised or in any manner prejudiced by the, perhaps erroneous, reference in the information to the Internet as a "computer system" rather than a "computer network." We find no prejudice in the inconsequential use of the statutory language.

■ ¶ 12 The next basis upon which appellant challenges the sufficiency of the evidence is that use of e-mail is not within the statutory definition of "access." We find that the evidence supports the finding that appellant communicated with or otherwise made use of resources of a computer network. The sending of an electronic message over the Internet falls within the statutory definition of access.

¶ 13 Sufficient evidence is in the record to sustain the convictions of unlawful use of a computer.

■ ¶ 14 Appellant's second issue is whether the theft by deception convictions merged for sentencing purposes with the convictions of unlawful use of a computer. Where an actor commits a single criminal act, the sentences for multiple convictions based upon that act merge if one offense is a lesser included offense of the other. *Com. v. Rippy*, 732 A.2d 1216, 1223 (Pa.Super.1999) (citing *Com. v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994)). A lesser included offense is one whose elements are a necessary subcomponent but not a sufficient component of elements of the other crime. *Id.* (citing *Com. v. Comer*, 552 Pa. 527, 716 A.2d 593 (1998)).

¶ 15 The statutory provisions for the offense of theft by deception are as follows:

Offense defined—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to

law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary confidential relationship.

18 Pa.C.S.A. § 3922(a).

¶ 16 Appellant argues that theft by deception is a lesser included offense of unlawful use of computer. He is mistaken. The offense of unlawful use of computer does not have as an element the obtaining or withholding property of another as does theft by deception. The offense of unlawful use of computer is committed where a person accesses a computer network with the intent to devise or execute any scheme or artifice to defraud by means of false or fraudulent pretense, representations, or promises. The actual obtaining or withholding of the property is not an element of unlawful use of a computer. The sentence imposed is a legal one and no merger of sentences is necessary.

¶ 17 Judgment of sentence affirmed.