J. S34038/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTOPHER JOSEPH HORTON, | : | No. 2094 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered November 26, 2019,
in the Court of Common Pleas of Snyder County
Criminal Division at No. CP-55-CR-0000365-2018

BEFORE: PANELLA, P.J., BENDER, P.J.E. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 02, 2020**

Christopher Joseph Horton appeals from the November 26, 2019 judgment of sentence, entered in the Court of Common Pleas of Snyder County, after a jury convicted him of firearms not to be carried without a license, terroristic threats, simple assault by physical menace, and harassment.[1] Appellant was sentenced to an aggregate term of 18 months' to 10 years' imprisonment. After careful review, we affirm.

The facts, as summarized by the trial court, are as follows:

> On July 15, 2018, five (5) individuals were traveling in a pickup truck [s]outh on US Route 15 in Snyder County. The victims were in the passing lane. Several of the victims testified that [appellant] pulled up beside them in the right lane and pointed a handgun

---

[1] 18 Pa.C.S.A. §§ 6106(a)(1), 2706(a)(1), 2701(a)(3), and 2709(a)(4), respectively.

at them. The victims related that the handgun had a red laser and the laser was on and pointed at them.

The victims testified that they pulled off the highway and [appellant]'s vehicle continued on. The victims were able to obtain [appellant]'s license plate although they were unable to ascertain the state.

The victims then notified the Pennsylvania State Police. A Pennsylvania State Police [t]rooper obtained the statements of the 5 occupants of the victim's [sic] vehicle. The [t]rooper was able to determine that the license plate was a North Carolina license plate and made contact with the County Sheriff's Office in the county where the vehicle was registered. The North Carolina Harnett County Sheriff's Office informed the Pennsylvania State [t]rooper that the vehicle was registered to individuals in his county in North Carolina but that the registered owners had given the vehicle to another individual who they had not seen for some time.

The Pennsylvania State [t]rooper testified that he was able to identify [appellant] as the operator and contacted [appellant] by telephone on two (2) occasions. During the first occasion [appellant] acknowledged that he was operating the vehicle involved in this incident. [Appellant] indicated there was a verbal argument and that the parties had mutually displayed middle fingers at each other but [appellant] denied pointing a firearm. [Appellant] also denied that he had anything in his hands such as a cell phone.

During a 2nd interview [appellant] acknowledged that he owned a 9[-]millimeter pistol and a [.]45 caliber pistol. He further reported that both weapons had red lasers, however [appellant] indicated the lasers did not work.

The [t]rooper also testified that [appellant] did not possess a license to carry a handgun in Pennsylvania.

Trial court Rule 1925(a) opinion, 3/24/20 at 1-2 (spelling of "handgun" corrected throughout).

Appellant proceeded to trial by jury on October 1, 2019. At the conclusion of the Commonwealth's case, appellant moved for a judgment of acquittal, which was denied by the trial court. (Notes of testimony, 10/1/19 at 108-109.) The jury found appellant guilty of the above-listed offenses. After the verdict, appellant moved for "[d]ismissal [n]otwithstanding the [v]erdict". (*Id.* at 166.) The motion was denied by the trial court. (*Id.*)

On October 4, 2019, the trial court entered the following order:

> having denied [appellant]'s oral motion for judgement of acquittal made immediately after the verdict and the [trial c]ourt having failed to hear argument or to view the record . . . the [trial c]ourt would be willing to entertain a motion for reconsideration of that decision or to hear an oral motion for judgment of acquittal made prior to sentencing pursuant to Criminal Rule 704(b).

Order of court, 10/4/19. Appellant filed a motion for reconsideration on October 31, 2019. On November 26, 2019, the trial court denied appellant's motion for reconsideration and sentenced him to an aggregate term of 18 months' to 10 years' imprisonment. Thereafter, appellant filed a timely notice of appeal. On December 27, 2019, appellant was ordered to file a concise statement of errors complained of on appeal pursuant to

Pa.R.A.P. 1925(b). Appellant timely complied. The trial court filed its Rule 1925(a) opinion[2] on March 24, 2020.

Appellant raises the following issues on appeal:

> 1. Was [the] evidence presented at trial was [sic] legally insufficient to support the jury's guilty verdict with [] regards to the charges of harassment, simple assault, terroristic threats, and firearms not to be carried without a license as the Commonwealth failed to present sufficient evidence to establish beyond a reasonable doubt [appellant]'s identity as the actor who the witnesses testified committed the acts in question?
>
> 2. Did the trial court err in denying [appellant]'s motion for judgment of acquittal and his motion to reconsider denial of judgement of acquittal where the Commonwealth's evidence failed to conform with the criminal information as the information alleged [appellant] concealed a firearm about his person while the Commonwealth only proved that he carried a firearm inside a motor vehicle?

Appellant's brief at 4 (extraneous capitalization omitted).

As to his first issue, appellant does not challenge the sufficiency of the evidence to establish any of the statutory elements of the crimes of which he was convicted. Rather, appellant challenges only the sufficiency of the identification evidence against him. (*See* appellant's brief at 8, 12.)

In reviewing a challenge to the sufficiency of the evidence, this court applies the following well-established standard:

---

[2] The opinion is mistakenly captioned as a Rule 1925(b) opinion.

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Rodriguez*, 141 A.3d 523, 525 (Pa.Super. 2016) (citation omitted); *see also Commonwealth v. Dix*, 207 A.3d 383, 390 (Pa.Super. 2019), *appeal denied*, 217 A.3d 790 (Pa. 2019). "Because evidentiary sufficiency is a matter of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Brooker*, 103 A.3d 325, 330 (Pa.Super. 2014) (citation omitted), *appeal denied*, 118 A.3d 1107 (Pa. 2015).

As to the identification of a perpetrator:

In addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes. Evidence of identification need not be positive and certain to

sustain a conviction. As our Supreme Court has stated any indefiniteness and uncertainty in the identification testimony goes to its weight. Direct evidence of identity is, of course, not necessary and a defendant may be convicted solely on circumstantial evidence.

*Commonwealth v. Smyser*, 195 A.3d 912, 915 (Pa.Super. 2018) (citations and internal quotation marks omitted).

Furthermore, even if the Commonwealth present[s] only circumstantial evidence and offer[s] no positive identification of [appellant], we may not weigh the evidence and substitute our judgment for the fact-finder as long as the evidence was sufficient to prove [a]ppellant's guilt.

*Commonwealth v. Robertson*, 874 A.2d 1200, 1206 (Pa.Super. 2005) (citation omitted), *affirmed*, 986 A.2d 1263 (Pa.Super. 2009), *appeal denied*, 992 A.2d 888 (Pa. 2010).

Here, we conclude that the evidence was sufficient to link appellant to the crimes. Three of the passengers ("victims") in the vehicle, Austin Burkholder, Connor Bitts, and Colin Bitts, and Pennsylvania State Trooper Adam Heintzelman testified at trial. The victims described the perpetrator as a white male, in his late 20s or mid-30s, wearing a black ball cap, t-shirt, and sunglasses, driving a silver Dodge Dakota. (Notes of testimony, 10/1/19 at 29, 30, 42, 53, 70, 71.) He pointed a 9-millimeter handgun, with a red laser and 3½ to 4-inch barrel, at the victims. (*Id.* at 28, 29, 43, 44, 103, 105.) The victims were able to give the trooper the license

plate number of the vehicle, and describe the registration plate as being white with blue lettering. (***Id.*** at 45, 46, 70, 71.)

Trooper Heintzelman determined it was a North Carolina registration plate, and ran the registration through the National Crime Information Center to determine the owner of the vehicle. (***Id.*** at 71, 72.) The trooper received information which led him to appellant, who was living in North Carolina at the registered address of the vehicle. (***Id.*** at 74.) The trooper spoke twice, via telephone, with a man who identified himself as appellant. (***Id.*** at 74, 91.) The second conversation was recorded and played for the jury.[3] (***Id.*** at 79.) Appellant admitted to the trooper that he had been involved in a road-rage incident in Pennsylvania, but denied having a gun with him at the time. (***Id.*** at 75, 76, 98, 99.) Appellant did, however, acknowledge owning a 9-millimeter handgun with a laser. (***Id.*** at 76.)

As to in-court identification, at trial, Burkholder was asked by the Commonwealth if he saw the other driver in court. Burkholder replied, "Yes I do." (***Id.*** at 29.) Connor Bitts testified, "I yelled gun . . . and I just kind-of looked at him." (***Id.*** at 44.) In response to being asked "[w]ho is him [sic]," he replied, "[t]he [d]efendant."[4] (***Id.***)

---

[3] The conversation was not transcribed. (***Id.*** at 79.)

[4] We further note that, with respect to identification of appellant, to the trial court's recollection, at least one of the witnesses pointed in the direction of appellant. (***Id.*** at 108.)

Taking the evidence in the light most favorable to the Commonwealth, as verdict winner, there was more than sufficient evidence to support a finding that appellant was the person who threatened the victims with a firearm. Thus, appellant's challenge to the sufficiency of the identification evidence does not merit relief.

Appellant next alleges that the trial court erred in denying his motion for judgment of acquittal because the Commonwealth's evidence failed to conform to the criminal information, which charged that appellant committed the crime of firearms not to be carried without a license, 18 Pa.C.S.A. § 6106(a)(1), by "carry[ing] a firearm concealed **on or about his person**, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter." (Criminal information, 1/18/19 at Count 1 (emphasis added); trial court Rule 1925(a) opinion, 3/24/19 at 4.) Appellant asserts that the Commonwealth failed to present evidence that he concealed a firearm on or about his person and that the jury was allowed to convict him of a crime not charged. (Appellant's brief at 8, 13-14.)

Our standard of review of appellant's claim that the court erred in denying his motion for judgment of acquittal is as follows:

> A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge.

***Commonwealth v. Foster****,* 33 A.3d 632, 635 (Pa.Super. 2011). Therefore, we apply the standard of review applicable to sufficiency of the evidence claims. ***See Commonwealth v. Stahl***, 175 A.3d 301, 303 (Pa.Super. 2017), ***appeal denied***, 189 A.3d 389 (Pa. 2018).

Pennsylvania Rule of Criminal Procedure 560, in relevant part, provides as follows:

> (B) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:
>
> > (5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint;
>
> (C) The information shall contain the official or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information.
>
> (D) In all court cases tried on an information, the issues at trial shall be defined by such information.

Pa.R.Crim.P. 560 (B)(5), (C), and (D).

Section 6106(a) of the Pennsylvania Crimes Code provides that:

> Any person who carries a firearm in any vehicle or any person who carries a firearm on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this Chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1). The criminal complaint averred that appellant "did carry a firearm, namely, [a] small black semi[-]automatic pistol with a laser sight, in a vehicle or concealed on or about his person . . . [without] a valid and lawfully issued license . . ." (Criminal complaint, 7/24/18 at 2.) Although the information cited to the correct statute, it omitted the language "any person who carries a firearm in any vehicle . . ." 18 Pa.C.S.A. § 6106(a)(1). Further, contrary to the trial court's recollection, the language was omitted from the charge to the jury. (Notes of testimony, 10/1/19 at 152; 11/26/19 at 9-10.)

As this court noted in ***Commonwealth v. Goodrick***, 2016 WL 2843838 (Pa.Super. May 11, 2016) (unpublished memorandum):

> It is uncontroverted that "the purpose of a criminal information is to notify the defendant of the charge he has to meet." ***Commonwealth v. McIntosh***, 328 Pa.Super. 255, 476 A.2d 1316, 1321 (Pa.Super. 1984), citing ***Commonwealth v. Petrillo***, 338 Pa. 65, 12 A.2d 317, 324 (Pa. 1940). "Although the information is not to be read in an overly technical manner, we must arrest judgment where an error in the information is one that could 'mislead the defendant or [that] involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, or precludes the defendant from anticipating the prosecution's proof, or impairs a substantial right.'" ***Id.***, quoting ***Commonwealth v. Pope***, 455 Pa. 384, 317 A.2d 887, 890 (Pa. 1974).

***Id.*** at *5 (some bolding added). However, "a variance between the information and the proof at trial is not fatal as long as the defendant had adequate notice of the nature of the crime and it does not cause prejudicial

surprise." ***Commonwealth v. Murgallis***, 753 A.2d 870, 872 (Pa.Super. 2000) (citations omitted).

Appellant argues that Section 6106(a)(1) creates two separate and distinct crimes, carrying a firearm in a vehicle without a license, and carrying a firearm concealed on or about one's person without a license, and that he "was only on notice to defend against the allegation that he concealed the firearm on his person." (***See*** appellant's brief at 13-14.) Appellant maintains that:

> the Commonwealth affirmatively alleged misleading facts which put [appellant] on notice to defend against conduct which the Commonwealth in actuality had no affirmative proof of.  Indeed, this is the defense tactic trial counsel executed when he waited for the appropriate time to move for a judgment of acquittal when the Commonwealth failed to prove the charge alleged.
>
> At trial, defense counsel clearly was aware of this lack of proof and established the defense strategy to wait until after the Commonwealth had presented all of its evidence and argument and make a motion for judgment of acquittal on [the] first and most serious offense.  The trial court's holding, which allowed the Commonwealth to meet its burden of proof by entering evidence of a crime not charged, prejudiced [appellant] by "render[ing] useless" this defensive strategy.

***Id.*** at 16 (reference to record and citation omitted.)

However, in ***Commonwealth v. Walker***, 280 A.2d 590 (Pa.Super. 1971), this court found that:

> The offense defined by the [Uniform Firearms] Act is carrying a firearm without a license except in one's

> own place of business or abode. The essence of the offense is the "concealed carrying" of a weapon, whether it is in a vehicle or on the person. The means by which the gun is transported - car or person - is only detail to describe the method of concealment in which the gun is carried.[5]
>
> . . . . If the legislature intended to separately punish concealment of a gun in a vehicle or on the person in what was essentially the same event, it would have been simple to make this desire explicit.

**Id.** at 591-592. Furthermore, "[t]he statute does not enumerate any differences between an individual who is concealing a firearm on his person and one who is carrying a firearm in his vehicle. **Commonwealth v. Mason**, 130 A.3d 148, 153 (Pa.Super. 2015), **appeal denied**, 138 A.3d 3 (Pa. 2016), **overruled on other grounds** by **Commonwealth v. Hicks**, 208 A.3d 916 (Pa. 2019).

Here, the criminal complaint clearly apprised appellant he was charged with carrying a firearm without a license; and the language included both concealing a firearm on one's person or in a vehicle. Even assuming, **arguendo**, that the information was deemed defective, appellant has not

---

[5] The version of the statute at issue in **Walker** provided that

> "[n]o person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided." Act of June 24, 1939, P.L. 872, § 628(e), 18 P.S. § 4628(e), as amended.

**Walker**, 280 A.2d at 591 n.1.

established prejudice. Contrary to his alleged trial strategy, as set forth above, appellant's defense was that he did not have a gun on his person or in his car. Not only did he relate this to Trooper Heintzelman, but at trial, appellant called Steven Kempf, a North Carolina resident, to testify that in July of 2018, appellant left two handguns in Kempf's possession when he went out of town. (Notes of testimony, 10/1/19 at 113-127.) Whether appellant concealed a firearm on his person or in his vehicle was irrelevant to appellant's defense. Thus, appellant has failed to establish that he was prejudiced as a result of the omission in the information.

We note that the trial court also concluded as follows:

> [G]iven the testimony, the jury could infer from the testimony that [appellant] was carrying the handgun concealed on or about his person. The victims testified that they initially did not see a handgun but when they looked again they saw the [appellant] pointing a handgun at them. It was the verbal exchange, the exchanges of middle fingers and then the handgun. Obviously the handgun was not open at the time of the incident and was clearly inside [appellant]'s vehicle.
>
> The jury could have concluded based on the testimony that the handgun was concealed on [appellant]. In addition, the [trial] court does not find that leaving the verbiage out of the information was sufficient to warrant a judgement of acquittal given that the Commonwealth had cited the correct subsection of the statute and considering the totality of the circumstances regarding the affidavit of probable cause filed by the police. It was clear throughout the proceedings that [appellant] was on notice of exactly what he was charged with and what he had to defend.

Trial court Rule 1925(a) opinion, 3/24/20 at 5 (extraneous capitalization omitted; spelling of "handgun" corrected).

Recently, our supreme court held "that one 'carries a firearm concealed on or about his person' pursuant to Section 6106 when, viewed in the totality of the circumstances, he or she carries the firearm in such a manner as to hide the firearm from ordinary observation; absolute invisibility to others is not required." **Commonwealth v. Montgomery**, ___ A.3d ___, 2020 WL 4139731 at *10 (Pa. July 21, 2020). "[I]t is for the finder of fact to determine whether the evidence presented constitutes concealment for purposes of Section 6106." **Id.** at *11. **Montgomery** interpreted "the phrase 'concealed on or about his person' in accordance with that phrase's plain meaning and common usage, taking into account the context in which the General Assembly employed the phrase, and defining the terms to denote 'hiding the firearm from ordinary observation.'" **Id.** at *10 n.14.

Instantly, both Austin Burkholder and Connor Bitts testified that appellant had his left hand on the steering wheel and was holding the gun inside the vehicle in his right hand. (Notes of testimony, 10/1/19 at 29, 42, 48.) Burkholder specifically testified that "[t]he gun was tucked inside the window so that nobody driving by was able to see the gun pointing out the window." (**Id.** at 29.) Taking the evidence in the light most favorable to the Commonwealth, as verdict winner, there was sufficient evidence for the jury to convict appellant of carrying a concealed firearm without a license. Thus,

the trial court did not err in denying appellant's motion for judgment of acquittal.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2020